OPINION




No. 04-03-00920-CV



Norris J. DEVOLL,


Appellant



v.



STATE OF TEXAS, County of Bexar, 

Somerset Independent School District, and 

David De Los Santos,

Appellees


From the 57th Judicial District Court, Bexar County, Texas

Trial Court No. 2002-TA1-0288

Honorable John Specia, Judge Presiding


Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: November 24, 2004


AFFIRMED IN PART AND REVERSED IN PART


 Norris Devoll appeals the denial of his petition for excess tax proceeds and the trial court's
issuance of a prefiling order prohibiting him from filing any future pro se lawsuits in this state. We
affirm the trial court's judgment to the extent that it awards $2,155.74 in excess proceeds to the State
of Texas, County of Bexar, and Somerset Independent School District. We reverse the trial court's
judgment to the extent that it denies Devoll's petition for excess proceeds and awards David De Los
Santos $8,996.81. Lastly, we reverse the trial court's judgment to the extent that it orders Devoll
to seek permission of the local administrative judge before filing any future pro se lawsuit.

Factual Background


 The State of Texas, County of Bexar, and Somerset Independent School District (the "Taxing
Authorities") filed suit against David De Los Santos for unpaid taxes. De Los Santos failed to answer
the suit and a default judgment was entered against him. De Los Santos's property was sold at a
sheriff's sale and his unpaid taxes were paid from the proceeds of the sale. Excess proceeds in the
amount of $11,152.55 were generated from the sale of the property. 

 Shortly after the property was sold, Norris Devoll contacted De Los Santos to acquire De Los
Santos's interest in the excess proceeds from the tax sale. De Los Santos agreed to convey his
interest to Devoll; however, the assignment agreement executed by De Los Santos was invalid
because it did not comply with the requirements of the Texas Tax Code. Following the attempted
assignment, De Los Santos filed his own petition for excess proceeds. 

 Three months after De Los Santos filed his petition, De Los Santos again agreed to assign his
claim to the excess tax proceeds to Devoll. (1) Several weeks after
De Los Santos assigned his rights
to Devoll, the Taxing Authorities filed their own petition for excess proceeds. The Taxing
Authorities claimed they were entitled to a portion of the excess proceeds because additional taxes
had accrued on De Los Santos's property between the time of the court's judgment against him and
the tax sale.

 Devoll eventually filed his own petition for excess proceeds based on his assignment
agreement with De Los Santos. After Devoll filed his petition, the Taxing Authorities discovered that
the Honorable Pat Boone declared Devoll to be a vexatious litigant in another case recently filed by
Devoll. According to the Taxing Authorities, Judge Boone declared Devoll a vexatious litigant in
Devoll v. Moreno, Cause No. 2001-CI-15139, pending in the 45th Judicial District Court, Bexar
County, Texas shortly before Devoll filed the current litigation. Based on Judge Boone's vexatious
litigant finding in the Moreno case, the Taxing Authorities moved the trial court to declare Devoll a
vexatious litigant and require Devoll to obtain permission from the local administrative judge before
filing, pro se, any new litigation.

 The trial court held a hearing on the parties' petitions for excess proceeds and the Taxing
Authorities' vexatious litigant motion. At the hearing, neither Devoll nor De Los Santos disputed
the Taxing Authorities' right to $2,155.74 for unpaid property taxes. However, the parties did
dispute the effect of Judge Boone's earlier declaration that Devoll is a vexatious litigant. After
hearing arguments on the issue, the trial court concluded Devoll should have obtained permission
from the local administrative judge before filing his pro se petition for excess proceeds because Judge
Boone had previously declared Devoll a vexatious litigant. The court further concluded that because
Devoll is a vexatious litigant, Devoll should be prohibited from filing, pro se, any new litigation in a
court in this state. The trial court denied Devoll's petition for excess proceeds; awarded the Taxing
Authorities $2,155.74 in excess proceeds; awarded De Los Santos $8,996.81 in excess proceeds; and
entered a prefiling order requiring Devoll to seek permission from the local administrative judge
before filing any future pro se lawsuit in this state. Devoll subsequently brought this appeal, claiming
the trial court erred by: (1) finding he is a vexatious litigant and entering a prefiling order against him;
and (2) denying his petition for excess proceeds and awarding De Los Santos $8,996.81. (2) 



Vexatious Litigants

 Chapter Eleven of the Texas Civil Practice and Remedies Code provides a framework for
courts and attorneys to curb vexatious litigation. Section 11.051 of the Civil Practice and Remedies
Code allows a defendant to move the court for an order determining that the plaintiff is a vexatious
litigant and requiring the plaintiff to furnish security. Tex. Civ. Prac. & Rem. Code Ann. § 11.051
(Vernon 2002). Once such a motion is filed, the trial court may find the plaintiff to be a vexatious
litigant if the defendant demonstrates that there is not a reasonable probability that the plaintiff will
prevail in the litigation against the defendant and that:

 (1) the plaintiff, in the seven-year period immediately preceding the date the defendant
makes the motion under Section 11.051, has commenced, prosecuted, or maintained
in propria persona at least five litigations other than in a small claims court that have
been:

 

 (A) finally determined adversely to the plaintiff;

 

 (B) permitted to remain pending at least two years without having been
brought to trial or hearing; or

 

 (C) determined by a trial or appellate court to be frivolous or groundless
under state or federal laws or rules of procedure;

 

 (2) after a litigation has been finally determined against the plaintiff, the plaintiff
repeatedly relitigates or attempts to relitigate, in propria persona, either:

 

 (A) the validity of the determination against the same defendant as to
whom the litigation was finally determined; or

 

 (B) the cause of action, claim, controversy, or any of the issues of fact or
law determined or concluded by the final determination against the
same defendant as to whom the litigation was finally determined; or

 

 (3) the plaintiff has previously been declared to be a vexatious litigant by a state or
federal court in an action or proceeding based on the same or substantially similar
facts, transition, or occurrence.


Id. § 11.054. A court shall order the plaintiff to furnish security for the benefit of the moving
defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a
vexatious litigant. Id. § 11.055(a). If the plaintiff ordered to furnish security does not furnish the
security within the time set by the trial court, the court will dismiss the plaintiff's lawsuit. Id. §
11.056.

 The vexatious litigant statute further allows a court to enter a prefiling order prohibiting a
plaintiff from filing, pro se, any new lawsuit without leave of the local administrative judge. Section
11.101 provides:

 (a) A court may, on its own motion or the motion of any party, enter an order
prohibiting a person from filing, in propria persona, a new litigation in a court in this
state if the court finds, after notice and hearing as provided by Subchapter B, (3) that:

 

 (1) the person is a vexatious litigant; and

 

 (2) the local administrative judge of the court in which the person intends to
file the litigation has not granted permission to the person under Section
11.102 to file the litigation.


Id. § 11.101(a). A local administrative judge may, however, grant permission to a person found to
be a vexatious litigant under Section 11.101 to file a lawsuit if it appears that the lawsuit has merit
and has not been filed for the purposes of harassment or delay. Id. § 11.102(a).



Standard of Review


 We review issues concerning Chapter Eleven of the Texas Civil Practice and Remedies Code
under an abuse of discretion standard. Nell Nations Forist v. Vanguard Underwriters Ins. Co., 141
S.W.3d 668, 670 (Tex. App.--San Antonio 2004, no pet.). The test for an abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial
court's action, but "whether the court acted without reference to any guiding rules and principles."
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). The trial court's
ruling should be reversed only if it was arbitrary or unreasonable. Id. at 242. "The mere fact that a
trial judge may decide a matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has
occurred." Id.

Discussion

 The first issue we are asked to decided is whether the trial court erred by declaring Devoll a
vexatious litigant and by entering a section 11.101 prefiling order against Devoll. Before a court may
enter a prefiling order, it must determine that the plaintiff is a vexatious litigant and the local
administrative judge of the court in which the plaintiff intends to file suit has not granted permission
to file the litigation. See Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a). Here, the trial court
found as follows: 

 Pursuant to Section 11.101, I will move -- and if necessary I will move on my own
motion pursuant to the statute that Mr. Norris Devoll has been found by Judge Boone
to be a vexatious litigant and that as local administrative judge I have not granted him
permission pursuant to Section 11.102 to file the current litigation. And in light of the
fact that his conduct warrants protection of other people he may try to deal within the
courts, I am going to order that he has to seek permission of the local administrative
judge pursuant to 11.102 prior to filing any additional litigation. 

 With respect to the trial court's finding that Devoll is a vexatious litigant, the trial court based
its finding on Judge Boone's vexatious litigant finding in the Moreno case. The record, however,
reveals that no evidence was offered to establish that the Moreno case and the instant case are "based
on the same or substantially similar facts, transition [sic], or occurrence," as is required by section
11.054 (3). See id. § 11.054(3) (indicating that a trial court may find the plaintiff to be a vexatious
litigant if there is not a reasonable probability that the plaintiff will prevail in his lawsuit and the
plaintiff has previously been declared to be a vexatious litigant by another court in a proceeding based
on substantially similar facts). In the absence of any evidence establishing this statutory requirement,
the trial court abused its discretion in relying on the Moreno order to declare Devoll to be a vexatious
litigant in the instant case. Although section 11.054 provides two other alternative grounds for
finding a litigant to be vexatious, the Taxing Authorities never attempted to plead or prove the
applicability of the alternative grounds and the trial court did not base its ruling on these alternative
grounds. Accordingly, we hold the trial court erred by finding Devoll is a vexatious litigant in the
instant litigation. 

 The last issue we must decide is whether the trial court erred by denying Devoll's petition for
excess proceeds based on his failure to obtain permission from the local administrative judge before
filing his petition. See id. § 11.102(a). After reviewing the record, it appears there is no evidence
demonstrating that Devoll was required to obtain permission from the local administrative judge
before filing his petition. The only evidence introduced at the hearing regarding Devoll's status as
a vexatious litigant concerns Judge Boone's interlocutory order in Moreno. That order did not
contain a prefiling requirement. Absent evidence indicating Devoll was required to seek permission
from the local administrative judge before filing his petition for excess proceeds, we must hold the
trial court erred by denying Devoll's petition on this basis.
Conclusion


 Based on the foregoing, the judgment of the trial court is affirmed as to the award of
$2,155.74 in excess proceeds to the Taxing Authorities. The judgment of the trial court, however,
is reversed as to the denial of Devoll's petition for excess proceeds and the award of $8,996.81 in
excess proceeds to De Los Santos. The cause is remanded to the trial court for further proceedings
to determine the merits of Devoll's and De Los Santos's claims to the $8,996.81 in excess proceeds. (4)
The judgment of the trial court is further reversed to the extent it orders Devoll to seek permission
of the local administrative judge before filing new pro se litigation in this state. It is therefore
rendered that the trial court's section 11.101 prefiling order has no effect on Devoll. 


 Catherine Stone, Justice








 





 


 

1. It is unclear whether this second assignment meets the requirements of the Tax Code.
2. Whether the trial court erred in awarding the Taxing Authorities $2,155.74 in excess proceeds is not an
issue before this court because the Taxing Authorities' right to such proceeds has never been disputed.
3. See Tex. Civ. Prac. & Rem.Code Ann. § 11.051 et seq.
4. If the court decides to revisit the vexatious litigant issue on remand, we note that the vexatious litigant
statute requires the court to order the plaintiff to furnish security for the benefit of the moving defendant before
disposing of the plaintiff's lawsuit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.055(a), 11.056.