Opinion issued June 29, 2006 

 












 In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00669-CV






RALPH O. DOUGLAS, Appellant


V.


AMERICAN TITLE COMPANY, Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2004-01400





O P I N I O N

 Appellant, Ralph O. Douglas, appeals from the trial court's dismissal of his
case for failure to post bond as a vexatious litigant. Douglas also appeals the court's
designation of him as a vexatious litigant which order merged into the final judgment. 
See Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002). We determine
whether the trial court abused its discretion by granting appellee, American Title
Company's ("ATC"), motion to declare Douglas a vexatious litigant and, thus,
whether the trial court erred in dismissing Douglas's suit for failure to post a
vexatious-litigant bond. We reverse the judgment of the trial court and remand the
cause.Facts

 In May of 1999, Douglas contracted with ATC to perform title services. See
Douglas v. Amer. Title Co., No. 01-04-00265-CV, 2005 WL 568290, at *1 (Tex.
App.--Houston [1st Dist.] March 10, 2005, no pet.) (memo op.). Thereafter, Douglas
was indicted for real-estate fraud. See id. The Harris County District Attorney's
Office ("the DA") requested that ATC halt all transactions and closings of properties
involved in Douglas's fraud. See id. ATC complied with the DA's request. See id. 
In response, Douglas sued ATC, alleging a breach-of-contract cause of action related
to a property located at 4703 Sauer ("the 2003 lawsuit"). See id. On September 2,
2003, ATC filed a summary judgment motion in the 2003 lawsuit, and the trial court
granted ATC's motion. See id. at *2. Douglas filed a restricted appeal. See id. On
March 10, 2005, this Court dismissed the appeal in the 2003 lawsuit for lack of
subject-matter jurisdiction. (1) See id. at *3.

 On January 14, 2004, Douglas filed an original petition for the failure of ATC 
to produce mortgage records, which he alleged ATC had a duty to provide ("the 2004
lawsuit"). On February 4, 2004, ATC filed a motion in the 2004 lawsuit to declare
Douglas a vexatious litigant and requested security pursuant to Civil Practice and
Remedies Code sections 11.054 and 11.055. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 11.054-.055 (Vernon 2002). On March 24, 2004, about three months after
Douglas had filed the 2004 lawsuit, the 164th District Court declared Douglas to be
a vexatious litigant, in yet another suit, pursuant to chapter 11, Civil Practice and
Remedies Code. (2) See http://www.courts.state.tx.us/oca/vexatious_litigants.xls (last
visited April 24, 2006) (listing Douglas as vexatious litigant); see also Tex. Civ.
Prac. & Rem. Code Ann. § 11.104(b) (Vernon 2002) (requiring that Office of Court
Administration of Texas Judicial System maintain list of vexatious litigants subject
to prefiling orders). Under chapter 11, the 164th district court declared Douglas a
vexatious litigant and placed limitations on his litigation activities. (3) See id. § 11.101
(Vernon 2002).

 On April 15, 2004, the trial court granted in the 2004 lawsuit ATC's vexatious-litigant motion and ordered Douglas to pay security in the amount of $5,000. In the
April 15 order, the trial court placed limitations on the litigation activities of Douglas
by prohibiting him from filing, in propria persona, any new litigation in a Texas
court without permission from a local administrative judge. (4) See id. § 11.101(a)
(Vernon 2002). Although the April 15 order recited that there had been a hearing on
ATC's vexatious-litigant motion, there is no record of the hearing on appeal.

 On May 20, 2005, the trial court signed an order dismissing the 2004 lawsuit
for failure to furnish the ordered security within the time set out in the vexatious-
litigant order. See id. § 11.056 (Vernon 2002).Vexatious-Litigant Order 

 In points of error one, two, three, and four, (5) Douglas argues that the trial court
abused its discretion by granting ATC's vexatious-litigant motion, thereby causing
the 2004 lawsuit to be dismissed for his failure to comply with the order on that
motion. (6) Specifically, Douglas argues that ATC failed to produce any evidence that
Douglas did not have a reasonable probability of prevailing on his cause of action and
that he was attempting to re-litigate the validity of a prior judgment.

A. Standard of Review

 Civil Practice and Remedies Code chapter 11 concerns suits brought by
vexatious litigants. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-11.056 (Vernon
2002). We review a trial court's declaration of a vexatious litigant under an abuse-of-discretion standard. Nell Nations Florist v. Vanguard Underwriters Ins. Co., 141
S.W.3d 668, 670 (Tex. App.--San Antonio 2004, no pet.); see Tex. Civ. Prac. & 
Rem. Code Ann. §§ 11.054-.056. The test for an abuse of discretion is whether the
court acted arbitrarily or unreasonably and without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

B. Section 11.054: Criteria for Finding Plaintiff To Be A Vexatious Litigant

 The vexatious-litigant statute provides that, on or before the 90th day after the
date that a defendant files an original answer, the defendant may move the court for
an order that determines whether the plaintiff is a vexatious litigant and that requests
that the court require the plaintiff furnish security during the pendency of his suit. 
See Tex. Civ. Prac. & Rem. Code Ann. § 11.051. This filing stays the litigation
until the court rules on the merits of the motion. See id. § 11.052(b). The statute
requires the court to conduct a hearing to determine whether to grant the motion. See
id. § 11.053. Although there is no record of a hearing, the trial court recited in its
April 15 order that there was a hearing. Douglas does not complain on appeal that
there was not a hearing.

 A trial court has authority to declare a litigant vexatious pursuant to Texas
Civil Practice and Remedies Code section 11.054, which states: 

A court may find a plaintiff a vexatious litigant if the
defendant shows that there is not a reasonable probability
that the plaintiff will prevail in the litigation against the
defendant and that:


(1) the plaintiff, in the seven-year period immediately
preceding the date the defendant makes the motion
under Section 11.051, has commenced, prosecuted,
or maintained in propria persona at least five
litigations other than in a small claims court that
have been: (A) finally determined adversely to the plaintiff;


 (B) permitted to remain pending at least two years
without having been brought to trial or
hearing; or


 (C) determined by a trial or appellate court to be
frivolous or groundless under state or federal
laws or rules of procedure; 

 

(2) after a litigation has been finally determined against
the plaintiff, the plaintiff repeatedly relitigates or
attempts to relitigate, in propria persona, either:


 (A) the validity of the determination
against the same defendant as to whom
the litigation was finally determined; or


 (B) the cause of action, claim, controversy, or any
of the issues of fact or law determined or
concluded by the final determination against
the same defendant as to whom the litigation
was finally determined; or


(3) the plaintiff has previously been declared to be a
vexatious litigant by a state or federal court in an
action or proceeding based on the same or
substantially similar facts, transition [sic], or
occurrence. 


Id. § 11.054.

 Thus, in addition to the first requirement that there not be a reasonable
probability that the plaintiff will prevail in the litigation against the defendant, the
vexatious-litigant statute has a second requirement that the defendant prove one of
three grounds before a trial court can declare a plaintiff a vexatious litigant. See id.
§ 11.054(1)-(3). 

 1. Pleaded Grounds in Vexation-Litigant Motion

 In its vexatious-litigant motion, ATC cited to subsection two of section 11.054.
Douglas argues that the 2004 lawsuit, in which he asserted a cause of action for
failure to produce documents, was not an attempt to re-litigate the validity of the
determination of the 2003 lawsuit, which concerned a breach-of-contract cause of
action. See id. § 11.054(2)(A). He also contends that he was not relitigating the
cause of action, claim, controversy, or any of the issues of fact or law determined or
concluded against him in the 2003 lawsuit. See id. § 11.054(2)(B). 

 Although the same defendant, ATC, was involved in both lawsuits, we
conclude that the cause of action, claim, and controversy of the 2003 lawsuit were
different from those of the 2004 lawsuit. In the 2003 lawsuit, Douglas sued ATC for
breach of contract related to a property located at 4703 Sauer. (7) ATC filed a summary
judgment motion in the 2003 lawsuit, with supporting evidence attached, asserting
that it was entitled to judgment as a matter of law because it had no duty to close the
real-estate transaction. (8) By contrast, in the 2004 lawsuit, Douglas sued ATC for
failure to produce documents for properties located at 5646 Belmark ("Belmark"),
3406 Milbrad ("Milbrad"), 11515 Lockgate ("Lockgate"). (9) 

 Although not articulated by ATC, the best argument that there was a
commonality between the 2003 lawsuit and the 2004 lawsuit is an allegation that
ATC acted wrongfully in both situations at the behest of the DA's office. However,
ATC's motion for summary judgment in the 2003 lawsuit contradicts that position. 
ATC stated unequivocally in its motion for summary judgment in the 2003 lawsuit
that that lawsuit had nothing to do with Douglas's criminal case. ATC stated,
"DOUGLAS contends that [ATC] negligently allowed [itself] to be misled by the
Harris County District Attorney's Office into breaching a contract to close because
the [Sauer] property was not described in the indictment that resulted in his
conviction and incarceration, but DOUGLAS's criminal involvement had nothing to
do with the failure of the proposed transaction to close. He did not have title to the
property." (Emphasis added.) In addition, Douglas did not allege that ATC's
wrongful conduct in the 2004 lawsuit was caused by the DA's office. In fact, in his
petition for the 2004 lawsuit, Douglas acknowledged that the DA's office had
subpoenaed the records for the properties located at Belmark, Milbrad, and Lockgate,
but that ATC had omitted material documents.

 Additionally, Douglas's criminal trial for fraudulent real-estate transactions
itself cannot be considered as falling under subsection (2)(B) because the criminal
trial did not involve the same parties. The State prosecuted Douglas in his criminal
trial, and ATC was not involved as a party. 

 Accordingly, ATC did not prove that subsection two of section 11.054 of the
Texas Civil Practice and Remedies Code applied.

 2. Unpleaded Grounds in Vexation-Litigant Motion

 Assuming without deciding that the trial court could have granted ATC's
vexatious-litigant motion on a ground not alleged in its petition, we turn to the other
grounds under which Douglas might have been found a vexatious litigant. Subsection
one of section 11.054 states: 

 (1) the plaintiff, in the seven-year period immediately
preceding the date the defendant makes the motion
under Section 11.051, has commenced, prosecuted,
or maintained in propria persona at least five
litigations other than in a small claims court that
have been:


 (A) finally determined adversely to the plaintiff;


 (B) permitted to remain pending at least two years
without having been brought to trial or
hearing; or


 (C) determined by a trial or appellate court to be
frivolous or groundless under state or federal
laws or rules of procedure; . . . .


Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1).


 Although the record contains evidence of 16 prior cases that Douglas filed,
ATC failed to submit any evidence that at least five of those litigations had
commenced in the seven-year period immediately preceding the date that ATC filed
its vexatious-litigant motion. See id. § 11.054(1). ATC also failed to offer proof that
five of these 16 prior cases were either (1) finally determined adversely to the
plaintiff, (2) permitted to remain pending at least two years without having been
brought to trial or hearing, or (3) determined by a trial or appellate court to be
frivolous or groundless under state or federal laws or rules of procedure. See id. We
conclude that the trial court could not have properly granted ATC's vexatious-litigant
motion under subsection one. 

 The final alternate ground under which Douglas could have been found a
vexatious litigant is subsection three of section 11.054, which states:

 (3) the plaintiff has previously been declared to be a
vexatious litigant by a state or federal court in an
action or proceeding based on the same or
substantially similar facts, transition [sic], or
occurrence.

Id. § 11.054(3) (emphasis added).

 Even if the trial court had based its finding on the 164th district court's
vexatious-litigant finding in the Quaker Home Fin. Serv's, Inc. case, (10) there was no
evidence offered to establish that the Quaker Home Fin. Serv's, Inc. case and the
instant case were "based on the same or substantially similar facts, transition [sic], or
occurrence," as is required by section 11.054(3). See Tex. Civ. Prac. & Rem. Code
Ann. § 11.054(3); see also Devoll v. State, 155 S.W.3d 498, 502-03 (Tex. App.--San
Antonio 2004, no pet.) (holding that in absence of any evidence establishing that
previous proceeding in which plaintiff had been declared vexatious litigant was based
on the same or substantially similar, fact, transaction, or occurrence as instant case,
trial court abused its discretion in relying on previous proceeding's vexatious-litigant
order). Accordingly, we conclude that the trial court could not properly have granted
ATC's vexatious-litigant motion under subsection three. See Devoll, 155 S.W.3d at
502-03; Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (3). 

C. Ruling

 Because ATC did not prove the second requirement of section 11.054 of the
Texas Civil Practice and Remedies Code, the trial court abused its discretion by
granting ATC's motion to declare Douglas a vexatious litigant. (11)

 We sustain Douglas's points of error one, two, three, and four.
Conclusion



 We reverse the judgment of the trial court and remand the cause.

 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Higley, and Bland. 
1. We have obtained some of the history of the 2003 lawsuit from the clerk's
record and file in Cause No. 01-04-00265-CV, an earlier appeal in this court. 
See Douglas v. Amer. Title Co., No. 01-04-00265-CV, 2005 WL 568290 (Tex.
App.--Houston [1st Dist.] March 10, 2005, no pet.) (memo op.). We may take
judicial notice of our own records between the same parties involving the same
subject matter. Office of Pub. Util. Counsel v. Pub. Util. Com'n of Tex., 878
S.W.2d 598, 600 (Tex. 1994) (holding that court of appeals has power to take
judicial notice for first time on appeal).
2. The Harris County record of vexatious litigants includes Douglas arising out
of cause number 2003-25950, in the 164th district court, styled Douglas v.
Quaker Home Fin. Serv. Although the list of vexatious litigants is not in the
record, we take judicial notice of it. See Eagle Trucking Co. v. Tex. Bitulithic
Co., 612 S.W.2d 503, 506 (Tex. 1981); City of Houston v. Todd, 41 S.W.3d
289, 301 (Tex. App.--Houston [1st Dist.] 2001, pet. denied) (holding that
courts of appeals may take judicial notice of facts that are notorious,
well-known, or easily ascertainable). 
3. On March 24, 2004, the 164th district court entered an order prohibiting
Douglas from filing, in propria persona, new litigation in a Texas court
without permission from a local administrative judge. See Tex. Civ. Prac. &
Rem. Code Ann. § 11.101(a) (Vernon 2002). Douglas's petition here was
filed January 14, 2004, before the 164th State District Court had declared
Douglas to be a vexatious litigant. Thus, the trial court, in this case, could not
enter a "prefiling order" prohibiting Douglas from filing "a new litigation in
a court in this state." See id. at § 11.101; see also id. at § 11.103 (Vernon
2002) (stating that if clerk mistakenly files litigation without order from local
administrative judge, any party may file with clerk and serve on plaintiff notice
stating that plaintiff is vexatious litigant subject to prefiling order; court must
immediately stay litigation and must dismiss litigation unless plaintiff, not later
than tenth day after date that notice is filed, obtains order from local
administrative judge under section 11.102 permitting filing of litigation).
4. The trial court recited in the April 15 order that "AFTER NOTICE AND
HEARING, having found that RALPH O'HARA DOUGLAS is a vexatious
litigant under section 11.101 of the Civil Practice and Remedies Code, THE
COURT PROHIBITS him from filing, in propria persona, a new litigation in
a court in this State unless the local administrative judge of the court in which
he intends to file the litigation has granted permission to do so under section
11.102 of the Civil Practice and Remedies Code." See Tex. Civ. Prac. &
Rem. Code Ann. § 11.101-.102 (Vernon 2002).
5. Douglas argues in point of error one that "[t]he trial court abused its discretion
in granting [ATC's] cause." In point of error two, he argues that "[t]he trial
court erred in granting [ATC's] cause." In point of error three, Douglas argues
that "[ATC's] motion for vexatious litigant is legally and factually
insufficient." In point of error four, Douglas argues that "[t]here is no evidence
to support [ATC's] cause." Although he lists four separate points of error,
Douglas addresses them together in the argument section of his brief.
6. ATC argues in its brief that Douglas is complaining about the wrong order. 
ATC contends that Douglas should be appealing the May 20, 2005 dismissal
order and not the vexatious-litigant order. Douglas's notice of appeal stated
that he was appealing "[t]he judgment that was signed May 20, 2005." 
Douglas's notice of appeal was filed after the trial court entered a final
judgment. Consequently, the interlocutory vexatious-litigant order merged into
the final judgment and is appealable. See Webb v. Jorns, 488 S.W.2d 407,
408-09 (Tex. 1972) (interlocutory order merges into final judgment and
becomes final for purposes of appeal). Thus, we have jurisdiction over this
appeal.
7. Douglas specifically alleged in his petition that "due to ATC's failure to close
on the property located at 4703 Sauer, [Douglas] lost his total investment in the
property, and the property itself." In the 2004 lawsuit, Douglas sued ATC for
failure to produce mortgage records, alleging in his petition that
"[i]mmediately after being indicted, [Douglas] contacted [ATC] to obtain
copies of his mortgage records. [ATC] failed to produce the records [for the
properties located at different locations]."
8. Specifically, ATC asserted that it had no such duty because Douglas (1) did not
have title to the Sauer property, (2) was undertaking to sell property that he did
not own, and (3) did not fund his proposed repurchase of the property. 
9. In the criminal trial, Douglas was indicted for real-estate fraud on the three
properties located at Belmark, Milbrad, and Lockgate. 
10. The list of vexatious litigants included Douglas in cause number 2003-25950,
the 164th district court in Douglas v. Quaker Home Fin. Servs. 
11. To the extent that ATC argues that Douglas's petition in the 2004 lawsuit did
not allege a cause of action upon which relief could be granted, ATC should
have filed a special exception and given Douglas an opportunity to amend his
pleadings. A special exception is a proper method to determine whether a
plaintiff has pleaded a cause of action. Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 405 (Tex. App.--Houston [1st Dist.] 2005, pet. denied). ATC
waived complaints on appeal concerning Douglas's pleading, when no special
exceptions were tendered. See Tex. R. Civ. P. 90.