NO. 07-11-00250-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2011

RICKY W. TURNER, APPELLANT

v.

J.O. GRANT, ET.AL., APPELLEES

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,218-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Plaintiff Ricky W. Turner,[1] a prison inmate appearing *pro se* and *in forma pauperis,* appeals the dismissal of his suit for damages against seven prison employees. For the reasons that follow, we will reverse and render in part and otherwise affirm.

Background

On December 28, 2010, Turner filed suit against defendants J. O. Grant, E. T. Jennings, P. Vasquez, O. B. Garza, H. O. Medina, H. J. Arias, and Larry Berger seeking

_____

[1] The trial court's orders of June 2, 2011 identify Turner as "Ricky J. Turner."

money damages for alleged deprivations of his constitutional rights. None of the defendants were served with process and none appeared in the trial court.

On January 31, 2011, the trial court *sua sponte* signed an order declaring Turner a vexatious litigant. The order required that Turner furnish security of $500 within 120 days of the order on peril of dismissal for noncompliance. The order directed the district clerk to forward a copy of the order to the Office of Court Administration (OCA) according to the requirement of § 11.104(a) of the Texas Civil Practice and Remedies Code. Finally, the order contained an anti-suit injunction barring Turner from filing any new litigation *in propria persona* in a Texas state court pursuant to Civil Practice and Remedies Code §§ 11.051-11.057. Turner sought vacation of the order through a February 28 motion for reconsideration and a March 21 "motion to rescind." The record does not indicate the trial court expressly ruled on these motions.

On June 2, 2011, the trial court signed an order reciting that on January 28 it found Turner was a vexatious litigant and ordered that he furnish security by March 31.[2] The order decreed, "[b]ecause [Turner] has not furnished such security by the date demanded by the Court, the above referenced and numbered cause is DISMISSED."

A second order signed June 2 states "all causes of action in the above styled suit brought by [Turner] against all Defendants are DISMISSED in their entirety. The Claims against Defendants are dismissed, as frivolous, pursuant to Chapter Fourteen of the

---

[2] The 120-day deadline measured from January 31 would require that Turner furnish the $500 security by May 31, 2011. The record offers no explanation for the discrepancies in the dates stated in the court's January 31 and June 2 orders.

2

Civil Practice & Remedies Code." The record contains no single document in the form of a final judgment. Turner filed a notice of appeal on June 24.

## Analysis

On appeal, Turner contends the trial court abused its discretion by finding him a vexatious litigant and by finding his claims against appellees were frivolous.

Vexatious Litigant Determination

A defendant may move for an order finding the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security. Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (West 2002).[3] The motion must be filed on or before the ninetieth day after the date the defendant files its original answer. *Id.* When a defendant files a motion pursuant to § 11.051, the litigation is stayed until the tenth day after the motion is denied or the tenth day after the defendant receives notice that the plaintiff has furnished the required security. § 11.052.

On receipt of the motion and after notice has been given to all parties, the trial court shall conduct a hearing on the motion, at which it may consider any material evidence. § 11.053(a),(b). A court may find a plaintiff a vexatious litigant if the defendant shows there is not a reasonable probability the plaintiff will prevail in the litigation and that one of the grounds listed in paragraphs (1), (2) and (3) of § 11.054 is satisfied. *See* § 11.054(1) (plaintiff has filed multiple suits in seven-year period);

---

[3] All subsequent citations to the Texas Civil Practice and Remedies Code (West 2002) will be by section number only.

3

11.054(2) (plaintiff repeatedly has attempted to relitigate claim); 11.054(3) (plaintiff has been declared vexatious litigant by another court in similar proceeding).

If, after hearing the evidence on the motion, the trial court determines the plaintiff is a vexatious litigant, it shall order the plaintiff to furnish security for the benefit of the moving defendant. § 11.055(a). The trial court must dismiss the litigation against the moving defendant if the plaintiff fails to furnish the security within the time fixed by the trial court's order. § 11.056. If security is furnished and the litigation is dismissed on the merits, the moving defendant has recourse to the security. § 11.057.

A trial court is authorized to enter a prefiling order enjoining a person from filing a new litigation, *in propria persona,* without the prior permission of the local administrative judge if, after notice and a hearing, the trial court finds the person is a vexatious litigant, and the local administrative judge has not granted permission to the person to file the litigation. § 11.101(a). A clerk of the court must provide a copy of the prefiling order to the OCA which is required to maintain a list of vexatious litigants. § 11.104.

"We review issues concerning Chapter Eleven of the Texas Civil Practice and Remedies Code under an abuse of discretion standard." *Devoll v. State,* 155 S.W.3d 498, 502 (Tex.App.--San Antonio 2004, no pet.). Because a court may declare a person a vexatious litigant only after making certain statutorily prescribed evidentiary findings, we consider the legal and factual sufficiency of the evidence supporting any express or implicit findings of the trial court. *Leonard v. Abbott,* 171 S.W.3d 451, 459 (Tex.App.--Austin 2005, pet. denied). But under the abuse of discretion standard we employ, the legal and factual sufficiency of the evidence are not independent grounds of

4

error, but relevant factors for determining whether the trial court abused its discretion. *See Zieba v. Martin,* 928 S.W.2d 782, 786 (Tex.App.--Houston [14th Dist.] 1996, no writ); *Crawford v. Hope,* 898 S.W.2d 937, 940-41 (Tex.App.--Amarillo 1995, writ denied). If an abuse of discretion is shown, we then consider whether the error was harmless. *See* Tex. R. App. P. 44.1(a).

By its January 31 order, on its own motion, without notice to Turner and without a hearing, the trial court declared him a vexatious litigant. In an amicus brief, the Attorney General of Texas urges us to hold the trial court possessed authority *sua sponte* to declare Turner a vexatious litigant. For support it points to *In re Douglas,* where the court affirmed a trial court's *sua sponte* finding that the plaintiff was a vexatious litigant. *In re Douglas,* 333 S.W.3d 273 (Tex.App.--Houston [1st Dist.] 2010, pet. denied). We find it unnecessary to determine whether Chapter 11 permits a court to make the vexatious litigant determination *sua sponte*, and so to apply that holding of *In re Douglas*. Unlike the plaintiff found vexatious in *Douglas*, 333 S.W.3d 279, Turner had no notice of the trial court's intention to consider whether he should be declared a vexatious litigant. He was not afforded a hearing on the issue, and, significantly, no evidence supported a statutory ground for a vexatious litigant finding.

Section 11.05(1)-(3) specifies three alternative grounds necessary to a vexatious litigant determination. At least one must be found. § 11.054(1)-(3).

In his petition, Turner listed eleven lawsuits he previously had filed, pursuant to the requirements of Civil Practice & Remedies Code Chapter 14. *See* § 14.004 (inmate must file affidavit identifying previously-filed lawsuits). Solely for purposes of this

5

discussion, we assume the accuracy of Turner's disclosure of these suits since the trial court had no other evidence before it for making the determination required by § 11.054(1).[4]  Of the lawsuits Turner listed, only two were commenced, prosecuted, or maintained in the seven-year period immediately preceding January 31, 2011.  There is thus no evidence for making a vexatious litigant determination under § 11.054(1).

Turner's disclosure of prior lawsuits does not provide evidence he had attempted to relitigate matters previously determined, so there is no evidence for making a vexatious litigant determination under § 11.054(2).

Finally, there is no evidence Turner was declared a vexatious litigant by another state or federal court.  Accordingly, a finding of vexatious litigant is not possible under § 11.054(3).

A trial court abuses its discretion when it rules without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  Because the court had before it no evidence supporting its finding Turner met the requirements of § 11.054 for a vexatious litigant determination, it abused its discretion by making the determination.  And, because its order that Turner furnish security was expressly based on its vexatious litigant determination, we must conclude its order that he furnish security within 120 days also was an abuse of discretion.

---

[4] In its amicus brief, the Attorney General contends a review of public records will demonstrate Turner's involvement in proceedings additional to those disclosed by his pleadings.  Our appellate review, however, is limited to the appellate record.  The only indication of Turner's prior lawsuits contained in the record is the disclosure in his pleadings.

6

Citing Subchapter B of Chapter 11, the January 31 order concludes with language enjoining Turner from filing, *pro se*, any new litigation in Texas without obtaining the permission of the local administrative judge. The order also directs the district clerk to forward a copy of the order to the OCA pursuant to § 11.104(a). We judicially notice that because of the January 31 order Turner now appears on the OCA's website as a vexatious litigant subject to a prefiling order. *Available at* http://www.courts.state.tx.us/oca/Vexatious_Litigants.pdf A prefiling order under § 11.101 and its posting by the OCA under § 11.104 depend on a vexatious litigant finding, a finding we have determined the trial court properly could not make on this record.

Accordingly, we find the trial court abused its discretion in rendering the January 31 order and the June 2 order dismissing Turner's case for failure to furnish security.

An abuse of discretion will not constitute reversible error unless it probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). We conclude the trial court's error in the present case was not harmless. Accordingly, we vacate its order of January 31, 2011, and the order of June 2, 2011, dismissing Turner's case for failure to furnish security.

Frivolous Claim Finding

As noted, the court signed a second order, also on June 2, 2011, decreeing Turner's claims against the defendants "are dismissed, as frivolous, pursuant to Chapter Fourteen of the Civil Practice & Remedies Code." This order also was rendered *sua sponte* without a hearing. § 14.003 (court may dismiss case as frivolous before service

7

of process); *Geiger v. Williams,* 2007 Tex. App. Lexis 9662, at \*8 (Tex.App--Tyler Dec. 12, 2007, pet. denied) (mem. op.) (citing *Gowan v. Tex. Dep't of Criminal Justice,* 99 S.W.3d 319, 323 (Tex.App.--Texarkana 2003, no pet.) ("Neither a hearing nor an opportunity to respond is required prior to dismissal of an inmate's lawsuit when the pleadings are procedurally deficient")).

In a suit subject to Chapter 14, an inmate filing an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration describing each *pro se* lawsuit, other than one coming under the Family Code, he previously filed by *inter alia* stating the operative facts for which relief was sought. § 14.004(a)(2)(A). For determining whether a claim is frivolous or malicious, the trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. § 14.003(b)(4).

Because Turner's suit was dismissed as frivolous without a hearing, we review the trial court's decision *de novo*, affirming only if his claims have no arguable basis in law. *Chapa v. Livingston,* No. 10-09-0273-CV, 2010 Tex. App. Lexis 6986, at \*2-3 (Tex.App.--Waco Aug. 25, 2010, no pet.) (mem. op.). We take as true the allegations of the pleading; that is, we consider whether, as a matter of law, it states a cause of action authorizing relief. *Scott v. Gallagher,* 209 S.W.3d 262, 266-67 (Tex.App.--Houston [1st Dist.] 2006, no pet.). A case has no arguable basis in law if it is based on "an indisputably meritless legal theory," or incredible or irrational allegations of fact. *Minix v. Gonzales,* 162 S.W.3d 635, 637 (Tex.App.--Houston [14th Dist.] 2005, no pet.) (quoting *Gill v. Boyd Distrib. Ctr.,* 64 S.W.3d 601, 603 (Tex.App.--Texarkana 2001 pet. denied)

8

(quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1992))).

As noted, Turner listed eleven lawsuits in his pleading. For each, he identified the parties, the trial court, the judge, the date of filing and date of disposition, the docket number, and the nature of disposition. He did not, however, state the operative facts of each case. Absent this information, determining whether Turner's claims in the underlying suit are substantially similar to his previous claims is not possible. § 14.003(b)(4). Faced with such pleadings, the trial court could have assumed the underlying suit is substantially similar to one or more of the suits Turner previously filed and, therefore, frivolous. *Carson v. Walker,* 134 S.W.3d 300, 303 (Tex.App.--Amarillo 2003, pet denied) (citing *Clark v. Unit,* 23 S.W.3d 420, 422 (Tex.App.--Houston [1st Dist.] 2000, pet. denied)). Because this factor for determining whether Turner's claim is frivolous appears on the face of his pleadings, the trial court was not required to resolve any contested facts and could make its determination as a matter of law without a hearing. The trial court did not abuse its discretion by dismissing the underlying case pursuant to Chapter 14.

## Conclusion

We reverse and render judgment vacating the January 31, 2011, vexatious litigant order in its entirety and the June 2, 2011, order dismissing Turner's case for failure to furnish security. Otherwise, we affirm the trial court's June 2, 2011, order dismissing the case on the ground that it is frivolous. The clerk of this court shall furnish

9

the OCA a copy of this opinion and the corresponding judgment.   Finally, Turner's

motion for extension of time to file notice of appeal is dismissed as moot.[5]


James T. Campbell
Justice

---

[5] For reasons not apparent from the record, Turner requested an extension of time to file his notice of appeal.  Tex R. App. P. 26.3.  Because Turner's notice of appeal was filed within thirty days of June 2, it was timely without an extension of time. Tex. R. App. P. 26.1.  We have carried Turner's motion for extension of time with the appeal.