NO. 07-11-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 28, 2012

R. WAYNE JOHNSON, APPELLANT

v.

LINA RODRIGUEZ, ET AL., APPELLEES

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 8834; HONORABLE GORDON H. GREEN, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant R. Wayne Johnson, acting *pro se,* appeals the trial court's dismissal of his civil suit against Texas Department of Criminal Justice employees Lina Rodriguez, Irene Whitney, and Toby Hall. We will affirm.

## Background

Johnson is a vexatious litigant subject to a prefiling order requirement.[1]  He has occupied that status since 2001.[2]  Johnson filed his civil suit against appellees on September 29, 2010.  His live petition seeks the recovery of damages from all appellees for "assault and battery" and from Rodriguez for violation of 42 U.S.C. § 1983.

On October 24, 2011, appellees filed notice with the trial court that Johnson was a vexatious litigant subject to a prefiling order and the clerk had mistakenly filed Johnson's lawsuit without an order from the local administrative judge granting him permission to sue.  The notice cited and quoted Texas Civil Practice and Remedies Code section 11.103(b), specifying:

> "[T]he court **shall immediately stay the litigation** and **shall dismiss the litigation** unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local administrative judge under Section 11.102 permitting the filing of the litigation."  (Italics and bolding in original.)

In an attached certificate dated October 21, 2010, counsel for appellees represented that the notice was served on Johnson by "United States Postal Service" at a prison facility in Amarillo.  The signature block in Johnson's brief contains the same address.

---

[1] *See Johnson v. Clark,* No. 07-11-00122-CV, 2011 Tex. App. Lexis 8593, at *1-2 (Tex.App.--Amarillo Oct. 28, 2011, no pet.) (mem. op.) (noting Johnson "has been declared a vexatious litigant and the 156th District Court of Bee County entered a prefiling order requiring that he obtain permission of a local administrative judge before filing new litigation in a Texas court"); Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a)(1) (West Supp. 2012); Texas Office of Court Administration, Vexatious Litigant Order http://www.courts.state.tx.us/oca/pdf/vex/RWayneJohnson-akaLegalEagle.pdf.

[2] The Bee County order was rendered in 2001.  *In re Johnson,* No. 07-07-0245-CV, 2008 Tex. App. Lexis 5110, at *1 n.1 (Tex.App.--Amarillo July 9, 2008, orig. proceeding).

An order of the trial court signed October 26, 2011, stayed all proceedings in the case pending further order.

On November 18, 2011, the trial court signed an order dismissing Johnson's lawsuit. The order contains findings that Johnson is a vexatious litigant; that he filed the underlying lawsuit "in violation of Chapter 11" and court orders finding him a vexatious litigant; and that Johnson failed to obtain the permission of the local administrative judge to file suit within ten days of the notice. Johnson did not file a motion for new trial but filed notice of appeal on December 5, 2011.

Analysis

Stated in two issues, the gist of Johnson's contention on appeal is that the trial court abused its discretion by dismissing his lawsuit "without any adequate notice of [the] court's intent to dismiss—thus, no opportunity to be heard before dismissal, denying him due process, both substantive and procedural."

Although it is deficiently briefed,[3] the core of Johnson's due process complaint is sufficiently stated that it is understood. Tex. R. App. P. 38.9. That we are able to discern the complaint does not obviate a second problem, however, preservation of the claimed error. Nothing in the record indicates that Johnson called to the attention of the trial court, before or after November 18, the complaints he now urges on appeal. His complaint thus presents nothing for our review. Tex. R. App. P. 33.1(a)(1)(A); *cf.*

---

[3] Johnson's short-form citation of cases accompanied by brief parenthetical-style quotations or phrases is not the "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record" that the appellate briefing rules require. Tex. R. App. P. 38.1(i).

*McCarroll v. Texas Dep't of Pub. Safety,* 86 S.W.3d 376, 378, 379-80 (Tex.App.--Fort Worth 2002, no pet.) (concluding incarcerated petitioner for expunction failed to preserve claimed error that he was denied due process and equal protection when trial court did not allow him to appear at a hearing before denying his petition).

Moreover, even had Johnson preserved his due process complaint, the record does not demonstrate error by the trial court. "We review issues concerning Chapter Eleven of the Texas Civil Practice and Remedies Code under an abuse of discretion standard." *Devoll v. State,* 155 S.W.3d 498, 502 (Tex.App.--San Antonio 2004, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Clark,* 2011 Tex. App. Lexis 8593, at *2-3 (citing *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex. 1999)).

Civil Practice and Remedies Code section 11.103(b) provides:

> If the clerk mistakenly files a litigation without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order under Section 11.101. On the filing of the notice, the court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local administrative judge under Section 11.102 permitting the filing of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 11.103(b) (West Supp. 2012).

At all times material, Johnson was a vexatious litigant subject to a prefiling order. In the trial court, appellees filed a notice with attached exhibits including the 2001 Bee County order. The notice stated, and emphasized, the statutory requirement that the

4

trial court must dismiss the underlying litigation unless Johnson, not later than the 10th day after the date the notice was filed, obtained an order from the local administrative judge permitting the filing of the litigation. The notice further stated how Johnson could avoid dismissal of his lawsuit. Johnson was served with the notice on October 21, and it was filed in the trial court on October 24. Johnson does not suggest he did not receive the notice. The trial court took no action according to § 11.103(b) until November 18, well after the lapse of the ten-day statutory period. A hearing is not required by the statute. Meanwhile, despite the statute's clear statement of the consequence for failure to obtain permission of the local administrative judge for the suit's filing, that is, the suit's dismissal, and despite notice pointing out that consequence, the record before us indicates Johnson did not obtain, or even request, the required permission. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (explaining that not "every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct").

Finally, even had the court provided Johnson advance notice of the date it intended to consider the case in light of appellees' notice, there is nothing Johnson could have argued or presented, other than proof he timely obtained permission to sue, capable of precluding the suit's dismissal. *Kimmell v. Cooper,* No. 03-01-0333-CV, 2002 Tex. App. Lexis 1381, at *5-6 (Tex.App.--Austin Feb. 22, 2002, no pet.) (not

5

designated for publication) (holding that a plaintiff's due process rights were not violated when the trial court granted the defendants' plea to the jurisdiction without giving the plaintiff notice of the hearing because an oral hearing would not have altered the fact that the plea was meritorious).

We see no violation of Johnson's procedural due process rights in the trial court's action.[4]  Accordingly, we overrule Johnson's issues and affirm the trial court's order of dismissal.

James T. Campbell
Justice

---

[4] Twice in his brief, Johnson mentions his substantive due process rights, apparently rooted in the supposition that his tort lawsuit against appellees, though filed in violation of statute, nonetheless is a "vested property right," taken from him by dismissal under § 11.103(b) without reasonable notice of the trial court's intention to do so.  If by his passing mention of substantive rights, Johnson intends to contend that the trial court's action violated substantive due process rights, his argument is entirely inadequate for so complex an area of the law.  Any such issue has been waived.  Tex. R. App. P. 38.1(i); *see Abdelnour v. Mid Nat'l Holdings, Inc.,* 190 S.W.3d 237, 241-242 (Tex.App.--Houston [1st Dist.] 2006, no pet.) (finding issue waived for inadequate briefing).

6