

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00227-CV

**KEVIN REVELS,**

**Appellant**

**v.**

**JOSEPHINE SESSION,**

**Appellee**

From the 52nd District Court
Coryell County, Texas
Trial Court No. 40414

## MEMORANDUM OPINION

Kevin Lynn Revels filed an "Application for an Original Lawsuit Under Tort Claim Act" against Josephine Session, M.D., Tommy Norwood, Candace A. Tucker, Kimberly McKay, David E. Potter, Amber Dorsey, Adrian Austin, and Mary Randall, M.D. The Office of the Attorney General filed an amicus curiae motion to dismiss pursuant to Chapter 14 of the Civil Practice and Remedies Code. The trial court granted the motion, and Revels appeals. We affirm.

## Background Facts

Revels is an inmate currently incarcerated at the Allred Unit. Revels states that prior to his transfer to the Allred Unit, he received a "hyper calorie snack." Revels contends that while incarcerated at the Allred Unit, he has been denied the "hyper calorie snack" and has lost over half of his body weight. Revels maintains that he is "borderline underweight" and that the named defendants showed a "deliberate indifference to his very serious medical problems."

## Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Id*. While a Chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *Id*. We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Hamilton v. Pechacek*, 319 S.W.3d at 809.

## Dismissal of Claim

Section 14.003 of the Texas Civil Practice and Remedies Code is applicable to the dismissal of inmate's claims. Section 14.003 states:

> (a) A court may dismiss a claim, either before or after service of process, if the court finds that:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious;  or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

(b) In determining whether a claim is frivolous or malicious, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim;  or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

(c) In determining whether Subsection (a) applies, the court may hold a hearing.  The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002).

A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).  Revels claim is based upon the legal theory of deliberate indifference to his serious medical needs.  Deliberate indifference involves more than a disagreement about how best to treat a medical condition. *Lagaite v. Uy*, 347 S.W.3d 890, 892 (Tex. App.—Amarillo 2011, no pet.).  Rather, the caretakers must refuse to treat him, ignore his medical condition, intentionally mistreat him or otherwise engage in conduct evincing a wanton disregard for his serious medical needs. *Id*.

Revels claims that he is "borderline underweight" and needs a high calorie snack.  Revels further claims to have lost over half of his body weight; however, the

evidence he presented shows he has lost approximately 20 pounds. The response to his grievance states "you were seen on 11/11/2010 by the provider and it was determined that you were not underweight ... You were seen on 11/30/2010 by the physician who noted your Body Mass Index was 22 which is normal for your height and weight." The trial court did not abuse its discretion in finding that Revels' claim was frivolous.

Moreover, Revels filed an affidavit of inability to pay costs. Therefore, he was required to comply with TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2011) and file an affidavit identifying all previous suits. Revels did not comply with the requirements of Section 14.004. The trial court was unable to determine whether appellant's current claim was substantially similar to his previous claims and the trial court was entitled to assume that the suit was substantially similar to one previously filed by the inmate, and therefore, frivolous. *Garrett v. Williams*, 250 S.W.3d 154, 160 (Tex. App.—Fort Worth 2008, no pet.). We overrule Revels' argument on appeal that the trial court erred in dismissing his claim as frivolous.

## Conclusion

We affirm the trial court's judgment dismissing Revels' claims as frivolous.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 14, 2012
[CV06]