**Luis S. LAGAITE Jr., Appellant,**

v.

**Dr. Julito P. UY, et al., Appellees.**

**No. 07–11–0058–CV.**

Court of Appeals of Texas,
Amarillo,
Panel B.

Aug. 10, 2011.

Luis S. Lagaite Jr., Amarillo, TX, pro se.

Celamaine Cunniff, Jennifer J. Wells, Office of Attorney General, Austin, TX, for Appellees.

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

### Opinion

BRIAN QUINN, Chief Justice.

Luis S. Lagaite, Jr., a Texas inmate, appeals from an order dismissing his civil cause after being found a vexatious litigant and being denied the right to proceed as a pauper. He contends that the trial court 1) erred by failing to hold a hearing on his motion for a stay and bond, 2) abused its discretion, and 3) erroneously dismissed his case in violation of his constitutional rights. We affirm.

Appellant filed a petition *in forma pauperis* seeking declaratory judgment on his claim that appellees provided deliberately indifferent, inadequate and negligent medical care in violation of his Eighth Amendment rights by discontinuing his special diet and refusing to prescribe him specifically-requested medications. Appellees timely answered and filed a motion to have appellant declared a vexatious litigant. The trial court granted appellees' motion on September 13, 2010, and required appellant to furnish security for continuation of the cause of action under § 11.051 of the Texas Civil Practice and Remedies Code by January 11, 2011. It was not timely furnished, and the court dismissed appellant's claim as frivolous on January 25, 2011. Appellant filed a motion for stay and a bond on January 26, 2011; it was denied without a hearing.

### Failure to Liberally Construe Petition

Appellant complains that the trial court abused its discretion in dismissing his complaint. The abuse arose when the court allegedly failed to construe the factual allegations in his petition and exhibits "on record" in "the light favor [sic] to him." We overrule the issue.

It is true that the petitions of pro se litigants are to be construed liberally.

*Lagaite v. Boland,* 300 S.W.3d 911, 913 (Tex.App.-Amarillo 2009, no pet.). However, it remains incumbent upon the complainant to state a viable cause of action. *Wilson v. TDCJ-ID,* 268 S.W.3d 756, 758 (Tex.App.-Waco 2008, no pet.). So too must the petition allege facts within the cause of action. *Spurlock v. Johnson,* 94 S.W.3d 655, 658 (Tex.App.-San Antonio 2002, no pet.). It is not enough to simply aver conclusions. *Id.*

Here, appellant sued because he 1) was not prescribed a specific medicine he thought he needed to address a purported ear infection and 2) was denied a peanut butter sandwich along with his meals to counteract his alleged hyper or hypoglycemia. As for the supposed infection, he did not contend that his caretakers were simply ignoring the condition or that it was being untreated. Indeed, allegations in the petition illustrated that he was receiving treatment. However, appellant believed it to be deficient because it did not involve the prescription of a particular medicine which he thought was better.

As for the purported glycemic condition, appellant acknowledged that his caretakers were providing him, at one time, with a peanut butter sandwich with each meal to combat it. His complaint arose when they stopped doing so. Yet, he says nothing about the food that he thereafter was being provided and whether it was intended to address the matter. Nor does he assert that his caretakers were ignoring the condition or withholding any and all potentially viable treatment for it. Instead, he simply wanted his peanut butter sandwich.

While it is true that inmates are entitled to medical care, *Thomas v. Harris County,* 30 S.W.3d 51, 57 (Tex.App.-Houston [1st Dist.] 2000, no pet.), they are not entitled to the type of care they choose. *County of*

*El Paso v. Dorado,* 180 S.W.3d 854, 868 (Tex.App.-El Paso 2005, pet. denied). Furthermore, it is only when the caretakers are deliberately indifferent to the medical needs of the inmate that a cause of action arises. *Id.* at 867. Deliberate indifference involves more than a disagreement about how best to treat a medical condition. Rather, the caretakers must refuse to treat him, ignore his medical condition, intentionally mistreat him or otherwise engage in conduct evincing a wanton disregard for his serious medical needs. *Id.* at 867–68. Being denied a peanut butter sandwich with every meal as a treatment for hypo or hyperglycemia or a specific antibiotic selected by the inmate to combat an ear infection are allegations falling outside that realm, and appellant provided us with no authority suggesting otherwise. Thus, even if his complaints were liberally construed, they do not aver a potentially viable cause of action.[1]

***Equal Protection***

Appellant next complains about being denied equal protection and suffering cruel and unusual punishment because the trial court did not consider the merits of his complaint before or along with addressing whether he was a vexatious litigant. We overrule the issue.

The Eighth Amendment prohibition against cruel and unusual punishment pertains to punishment after being convicted of a crime. *Meadoux v. State,* 325 S.W.3d 189, 193–94 (Tex.Crim.App.2010). Considering whether an inmate, or anyone else who may be indigent and entitled to proceed without paying costs of court or filing fees, has nothing to do with punishment. *See Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 941 (Tex.App.-Fort Worth 1997, pet. denied) (stating that the proce-

---

1. The reasons for overruling this issue also require us to overrule appellant's issues regarding whether the trial court abused its discretion in dismissing his complaint as frivolous.

dural rules governing inmate litigation are not related to punishment or intended to punish but rather to aid the court in determining whether a claim is frivolous).

Furthermore, we cannot but acknowledge that the trial court did that which appellant contends was denied him, i.e. considering the merits of the complaint before holding him to be a vexatious litigant. To be held such a litigant, the trial court must find, among other things, that the plaintiff has no reasonable probability of prevailing on the claim at issue. TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(1)(A)-(C) (Vernon 2002). Undertaking that inquiry implicitly requires the trial court to preliminarily accept the factual assertions as true and assess whether they comprise a viable cause of action. So, appellant in fact received that which he said was denied him.

### Motion for a Stay and a Bond

Next, appellant contends that the trial court erred in denying his motion for a stay and bond. We overrule the issue since the rules and statutes upon which he relies did not entitle him to either.

The first mentioned are Rules 24.1 and 24.4 of the Texas Rules of Appellate Procedure. Rule 24 provides a means by which a judgment debtor may suspend or supersede the enforcement of a judgment entered against him. TEX.R.APP. P. 24.1. Appellant is not such a debtor against whom a monetary judgment was awarded.

Regarding his reference to chapter 14.003(c) of the Texas Civil Practice and Remedies Code, that provision authorizes judges to hold hearings when determining whether to dismiss an inmate's civil suit. It says nothing about stays or bonds.

As for appellant's reference to "Rule 5(B) 2(D)," "Rule 63," "Rule 64," and "Rule 195.6," he neglects to inform us of the particular code, rule, statute, or body of writings wherein those rules appear. And, if he meant to refer to those in either the Texas Rules of Civil Procedure or Texas Rules of Appellate Procedure, none involve bonds or stays.

Having overruled each issue, we affirm the trial court's order.