Opinion issued May 10, 2012

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00554-CV

———————————

Luis Santos Lagaite, Jr., Appellant

V.

William
Pittman, Virgil Weaver, Wesley Freeman, AND Timothy Lester, Appellees



 



 

On Appeal from the 60th District Court

Jefferson County, Texas



Trial Court Case No. B-181,813

 



 

MEMORANDUM OPINION

          Appellant,
Luis Santos Lagaite, Jr., an indigent inmate, brought
a pro se section 1983 suit against appellees William Pittman, Virgil Weaver,
Wesley Freeman, and Timothy Lester (collectively, “the prison officials”).  The prison officials moved the trial court to
declare Lagaite a vexatious litigant.  The trial court declared Lagaite
a vexatious litigant, required him to furnish security in the amount of $500 to
avoid dismissal, and, when he failed to provide the required security,
dismissed his case.  In four issues, Lagaite contends that the trial court (1) “erred by
failing to allow [him] the opportunity to amend his complaint by furnishing
security” when he is indigent; (2) abused its discretion when it failed to
assume that all factual allegations contained in his original petition were
true; (3) violated his equal protection right “to be heard on the merits
of the case exclusively”; and (4) violated the supremacy clause by
refusing to consider the merits of his claim.

          We
affirm.

Background

          Lagaite, an inmate in the Mark W. Stiles Unit in Beaumont,
filed a pro se petition in forma pauperis against the prison officials for “retaliation
and unlawful disciplinary proceedings” pursuant to 42 U.S.C. § 1983.  Lagaite alleged
that because there was a “hold” on his inmate trust account, he had made an
agreement with another inmate that Lagaite’s fiancée would deposit funds into the other inmate’s
account and that inmate would then use the funds to make commissary purchases
for Lagaite.  After
the other inmate allegedly failed to honor their agreement, Lagaite
contacted Weaver, a sergeant in the “Gang Intelligence” unit, submitted letters
concerning the agreement for an “initial investigation,” and requested that he
be allowed to file extortion charges against the other inmate.  Officials ultimately instituted a
disciplinary proceeding for “trafficking and trading” against Lagaite for his role in the matter.  Lagaite alleged
that Freeman deliberately upgraded the disciplinary offense from a “Level 2
Minor Disciplinary Case” to a “Level 1 Major Case.”

          Lagaite appeared at a disciplinary hearing before Pittman,
a hearing officer, on April 7, 2008. 
“Despite [Lagaite’s] 2 years clean
disciplinary record,” Pittman placed Lagaite on
fifteen days’ recreation restriction, fifteen days’ cell restriction, and
fifteen days’ commissary restriction, and downgraded Lagaite
from “S-4 Line Class.”  Over the next
week, the prison officials transferred Lagaite to
several different “pods” and cells, and he ultimately received an “Ad-Seg [Administrative-Segregation] classification committee
hearing evaluation report” informing him that he had been demoted to “level 2A
custody.”  Lagaite
filed a formal grievance protesting Pittman’s disciplinary decision, and Lester
upheld Pittman’s decision.

          Lagaite alleged that Weaver retaliated against him in
bringing the disciplinary proceeding “because of the present litigation pending
on defendants, and [Lagaite’s] assisting other offenders
in legal work.”  Lagaite
also alleged that Pittman denied him the right to a fair hearing during the
disciplinary hearing.  He alleged that
the prison officials’ “agenda” was to move him to an area in “near proximity of
all [Lagaite’s] known enemies because he is a former
ex-T.D.C. official” and to keep him at the “Level 2A” classification
indefinitely by “repeatedly writing him bogus disciplinary” cases.  He alleged that he would not have been
“retaliated against with extreme reprisals” had he not filed grievances on
Stiles Unit officials, filed “a civil litigation to that [effect],” and
assisted another inmate with his legal mail. 
He further alleged that the prison officials’ actions, including their
failure to reinstate his pre-disciplinary proceeding custody level, violated
his due process rights and his First Amendment right to free speech.

          Lagaite sought declaratory relief, including declarations
that the prison officials’ actions violated the First and Fourteenth Amendments
and constituted civil rights violations under section 1983, and injunctive
relief.  Specifically, Lagaite sought an injunction ordering the prison officials
(1) to immediately arrange for Lagaite to “be
removed from F Pod and Level 2A Custody Status”; (2) to immediately
arrange for Lagaite to “be given back his Level 1A
Custody, S4 Line Class” status; and (3) to reassign Lagaite
to “C Pod B Section 16 Cell,” where he was housed prior to his disciplinary
proceeding, and expunge his disciplinary record retroactive to November 20,
2005.[1]

          The
prison officials answered on July 7, 2008. 
On October 7, 2008, ninety days after they answered, the prison
officials moved the trial court to declare Lagaite a
vexatious litigant and to require Lagaite to furnish
security before proceeding with the case. 
In this motion, the prison officials stated that Lagaite
has filed over fifteen civil litigations pro se and in forma pauperis and has “already been sanctioned
by the federal courts” as a vexatious litigant. 
The prison officials argued that there was no reasonable probability
that Lagaite would prevail in the litigation because
his claims lacked an arguable basis in law and thus were frivolous.  The prison officials asserted that a section
1983 action was not the appropriate procedural vehicle for Lagaite’s
claims and that “any request to be moved out of the housing assignment he
received as punishment at the Stiles Unit is now moot” because Lagaite had been transferred to the Clements Unit in
Amarillo.[2]  The prison officials also identified seven
cases that Lagaite had brought in forma pauperis within the seven-year
period preceding the filing of the vexatious litigant motion that were either finally
determined adversely to him or dismissed as frivolous.

          In
response, Lagaite filed an objection to the prison
officials’ motion.  He did not attack the
reasons that the prison officials had articulated for why no reasonable
probability that he would prevail in the litigation existed, nor did he contest
the identification of the seven prior in
forma pauperis suits.  He did, however, state, “This continuous
relationship and unfair equal protection restriction in the courts makes
plaintiff’s efforts as if swimming upstream in the torrent and [turbulent]
rivers of biases and [pitfalls] the unlettered pro-se litigants face[] in the
open legal forum.  Plaintiff file[s] this
objection to defendant’s motion to declare plaintiff[]
a vexatious litigant.”  Lagaite did not otherwise challenge the constitutionality
of the vexatious litigant statute, and he did not cite to any authority holding
that the statute violated equal protection rights.

          After
a brief telephonic non-evidentiary hearing on April 8, 2010, the trial court
granted the prison officials’ motion and declared Lagaite
to be a vexatious litigant.  The court
ordered Lagaite to furnish $500 in security by May
10, 2010, and provided that if he did not timely furnish security, it would
dismiss his claims.

          After
Lagaite failed to timely furnish security, the trial
court signed an order reciting that it had previously determined Lagaite to be a vexatious litigant and dismissing his
claims.  This appeal followed.[3]

Vexatious Litigants

          Civil
Practice and Remedies Code chapter 11 “provides a framework for courts and
attorneys to curb vexatious litigation.” 
Devoll v. State, 155 S.W.3d 498, 501 (Tex.
App.—San Antonio 2004, no pet.); see also
Leonard v. Abbott, 171 S.W.3d 451, 457 (Tex. App.—Austin 2005, pet. denied)
(“The purpose of chapter eleven is to restrict frivolous and vexatious
litigation.”).  Under this chapter, a
trial court “may place limitations on the litigation activities of a person
determined by the court to be a ‘vexatious litigant.’”  Leonard,
171 S.W.3d at 455. 
The vexatious litigant statutes “attempt to strike a balance between
Texans’ right of access to their courts and the public interest in protecting
defendants from those who abuse the Texas court system by systematically filing
lawsuits with little or no merit.”  Retzlaff v. GoAmerica
Commc’ns Corp., 356 S.W.3d 689, 697 (Tex. App.—El
Paso 2011, no pet.) (quoting Sweed v. Nye, 319 S.W.3d 791, 793 (Tex. App.—El
Paso 2010, pet. denied)).

We review a trial court’s vexatious
litigant determination for an abuse of discretion.  Douglas
v. Am. Title Co., 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006,
no pet.); Leonard, 171 S.W.3d at
458–59 (noting that vexatious litigant statute states that trial court “may”
determine plaintiff to be vexatious litigant, indicating trial court has
discretion in making declaration).  A
trial court abuses its discretion if it acts arbitrarily or unreasonably and
without reference to any guiding rules and principles.  Douglas,
196 S.W.3d at 879 (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).

          Civil
Practice and Remedies Code section 11.051 provides that a defendant may, on or
before the 90th day after the date the defendant files an original answer, move
the court for an order (1) determining that the plaintiff is a vexatious
litigant and (2) requiring the plaintiff to furnish security.  Tex.
Civ. Prac. & Rem. Code Ann. § 11.051
(Vernon 2002).  The trial court may find
that the plaintiff is a vexatious litigant if the defendant demonstrates that
there is not a reasonable probability that the plaintiff will prevail in the
litigation against the defendant and that:

the plaintiff, in the
seven-year period immediately preceding the date the defendant makes the motion
under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small
claims court that have been:

 

(A)    finally determined adversely to the
plaintiff; 

 

(B)     permitted to
remain pending at least two years without having been brought to trial or
hearing; or 

 

(C)     determined by a
trial or appellate court to be frivolous or groundless under state or federal
laws or rules of procedure.

 

Id. § 11.054
(Vernon 2002); Leonard, 171 S.W.3d at
455.  If the trial court, after hearing
evidence on the motion, determines that the plaintiff is a vexatious litigant,
it “shall order the plaintiff to
furnish security for the benefit of the moving defendant” and it “shall
determine the date by which the security must be furnished.”  Tex.
Civ. Prac. & Rem. Code Ann. § 11.055(a)–(b) (Vernon 2002) (emphasis
added); Leonard, 171 S.W.3d at 456.  If the plaintiff does not furnish security
within the time period ordered by the trial court, the court “shall dismiss a litigation as to a moving defendant.”  Tex.
Civ. Prac. & Rem. Code Ann. § 11.056
(Vernon 2002); Leonard, 171 S.W.3d at
456.

          A.      Propriety
of Vexatious Litigant Determination

          Here,
the prison officials timely moved the trial court to declare Lagaite a vexatious litigant.  In their motion, the prison officials
enumerated two legal reasons why no reasonable probability that Lagaite would prevail in the litigation existed:  (1) Lagaite’s
claims could not be brought in a section 1983 action, and (2) Lagaite’s claims to restore him to his pre-disciplinary
proceeding custody status and housing assignment were moot because he had
subsequently been transferred to another prison unit.  The prison officials also identified seven
cases that Lagaite had brought within the seven-year
period preceding the filing of their vexatious litigant motion that were either
finally determined adversely to Lagaite or dismissed
as frivolous.  The trial court granted
the motion and declared Lagaite to be a vexatious
litigant.  It also ordered Lagaite to furnish $500 in security by May 10, 2010, or
else it would dismiss his case.  When Lagaite failed to provide security as ordered, the trial
court dismissed his petition.

                   1.       Denial
of Amendment of Pleadings

          In
his first issue, Lagaite contends that the trial
court erred by denying and failing to allow him the opportunity to amend his
pleadings “by furnishing security . . . when
he is indigent.”  To the extent Lagaite contends that the trial court refused to allow him
to amend his pleadings, Lagaite has provided no
evidence that he attempted to amend his pleadings, that he sought leave of
court to amend his pleadings, or that the trial court issued an order
prohibiting him from amending his pleadings. 
See Nicholson v. Fifth Third Bank,
226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (“It is the
burden of the appellant to bring forward a sufficient record to show the error
committed by the trial court.”).

          To
the extent Lagaite contends that the trial court
erred in requiring him to furnish security when he is indigent, we note that
section 11.055(a) mandates that the trial court require the plaintiff to
furnish security if the court determines that the plaintiff is a vexatious
litigant and section 11.056 requires the trial court to dismiss the litigation
if the plaintiff does not provide the required security.  Tex.
Civ. Prac. & Rem. Code Ann.
§§ 11.055(a), 11.056; see also
Leonard, 171 S.W.3d at 456 (“If the court determines, based on evidence
presented at a hearing, that the [plaintiff] is a vexatious litigant, it must order the plaintiff to furnish
security for the benefit of the moving
defendant . . . .  If the plaintiff fails to
furnish the court-ordered security by the time set in the order, the court must dismiss the suit.”) (emphasis added).  Lagaite does not identify an exception to the security
requirement for indigent plaintiffs who are determined to be vexatious
litigants.

          We
therefore hold that the trial court did not err when it required Lagaite to furnish security or face dismissal of his claim
after it declared him to be a vexatious litigant.

          We
overrule Lagaite’s first issue.

                   2.       Failure
to Assume Factual Allegations in Petition Are True

          In
his second issue, Lagaite contends that the trial
court erroneously failed to assume that the factual allegations in his original
petition were true and failed to construe the factual allegations in the light
most favorable to him.

          In
their vexatious litigant motion, the prison officials raised two legal grounds
for why there was no reasonable probability that Lagaite
could prevail in the litigation:  (1) a
section 1983 action was not the proper procedural vehicle for bringing his claims
and (2) because he had been moved to a different prison unit, his claims for
the requested relief—injunctions requiring the prison officials to restore him
to his pre-disciplinary proceeding custody status and to reinstate his original
housing assignment—were moot.  The prison
officials also presented evidence that Lagaite had,
within the seven-year period preceding their vexatious litigant motion,
commenced, prosecuted, or maintained in propria persona at least five litigations that were
either finally determined adversely to Lagaite or
determined to be frivolous.  The trial
court granted the prison officials’ motion without stating the basis for its
decision.

          Although
Lagaite contends that the trial court did not view
his factual allegations as true, he does not, on appeal, challenge the trial
court’s implicit determination that, on legal grounds, there was no reasonable
probability that he could prevail against the prison officials.  He presents no argument, for example, in
favor of why he can bring his claims
as a section 1983 action, nor does he dispute the prison officials’ contention
that his claims are moot.  An appellant
must attack all independent grounds that support an adverse ruling.  Retzlaff, 356 S.W.3d at 698–99 (noting that trial court
stated several grounds supporting finding that vexatious-litigant plaintiff did
not have reasonable probability of prevailing in litigation, but plaintiff
attacked only one stated ground on appeal). 
Because Lagaite failed to attack all of the
independent grounds supporting the trial court’s vexatious litigant declaration,
we must uphold the trial court’s ruling. 
See id. at
699 (citing Fox v. Wardy,
224 S.W.3d 300, 304 (Tex. App.—El Paso 2005, pet. denied)); see also Britton v. Tex. Dep’t of Criminal
Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(“Generally speaking, an appellant must attack all independent bases or grounds
that fully support a complained-of ruling or judgment.  If an appellant does not, then we must affirm
the ruling or judgment.  This rule is
based on the premise that an appellate court normally cannot alter an erroneous
judgment in favor of an appellant in a civil case who does not challenge that
error on appeal.”).  If an independent
ground fully supports the complained-of ruling or judgment, but the appellant
assigns no error to that ground, we must accept the validity of that
unchallenged ground, and, thus, any error in the grounds actually challenged on
appeal is harmless because the unchallenged ground fully supports the
judgment.  Britton, 95 S.W.3d at 681 (citing Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993)).

          We
overrule Lagaite’s second issue.[4]

          B.      Constitutional
Challenges to Chapter 11

          In
his third and fourth issues, Lagaite contends that
application of the vexatious litigant statute violates the equal protection and
supremacy clauses because, by declaring him a vexatious litigant and dismissing
his claims after he failed to furnish security, the trial court impermissibly
declined to consider the merits of his claims.[5]

          Texas
Rule of Appellate Procedure 33.1(a)(1)(A) requires a party, as a prerequisite
for appellate review, to make his complaint to the trial court by timely
request, objection, or motion that specifically states the grounds for the
ruling sought and to obtain a ruling on that complaint from the trial
court.  Tex.
R. App. P. 33.1(a)(1)(A); see In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003) (applying Rule
33.1 to due process challenges). 
Constitutional challenges must be raised in the trial court or they are
not preserved for appellate review.  Drum v. Calhoun, 299 S.W.3d 360, 369–70
(Tex. App.—Dallas 2009, pet. denied) (holding appellant’s open courts challenge
to vexatious litigant statute not preserved for appellate review when appellant
did not raise argument before trial court); In
re S.A.P., 169 S.W.3d 685, 692 (Tex. App.—Waco 2005, no pet.) (“Due process
and other alleged constitutional violations also must be raised in the trial
court for them to be preserved for appellate review.”).

          After
the trial court granted the prison officials’ vexatious litigant motion and
subsequently dismissed his claims, Lagaite did not
file a motion for reconsideration or a motion for new trial.  Although he argued in his original petition
that the prison officials’ conduct
violated various provisions of the Constitution, he never argued that the trial
court’s application of the vexatious litigant statute violated the
Constitution.  Instead, he makes these
arguments for the first time on appeal.

          We
conclude that, because the record reflects that Lagaite
did not challenge the constitutionality of the vexatious litigant statute
before the trial court, he failed to preserve his contentions that the statute
violated the equal protection and supremacy clauses for appellate review.[6]

          We
overrule Lagaite’s third and fourth issues.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]           After the prison officials answered, Lagaite filed a document entitled “Plaintiff’s Objection to
Defendants’ Original Answer and Jury Demand, and Motions the Court for
Damages.”  Lagaite
requested that the trial court award him $250,000 in compensatory damages
against the prison officials, jointly and severally, $70,000 in punitive
damages from both Pittman and Freeman, $50,000 from Lester, and $40,000 from
Weaver.

 





[2]           Lagaite
currently remains incarcerated at the Clements Unit.





[3]           Lagaite
initially appealed to the Ninth Court of Appeals in Beaumont.  Pursuant to its docket equalization
authority, the Texas Supreme Court transferred Lagaite’s
appeal to this Court.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005) (“The supreme court may
order cases transferred from one court of appeals to another at any time that,
in the opinion of the supreme court, there is good cause for the transfer.”).





[4]           In this issue, Lagaite
also contends that he is “entitled [to] a stay and a bond” and cites several
statutes and rules, including Texas Rule of Appellate Procedure 24.  We note that Rule 24, which provides the
means for a judgment debtor to supersede the enforcement of a judgment entered
against him, is inapplicable, as Lagaite is not a
judgment debtor seeking to supersede execution of a judgment.  Tex.
R. App. P. 24.  None of the other
rules or statutes cited by Lagaite address stays or
bonds.  See Lagaite v. Uy,
347 S.W.3d 890, 893 (Tex. App.—Amarillo 2011, no pet.) (overruling
identical issue raised by same appellant in appeal of vexatious litigant
determination).





[5]           We note that appellant has raised
these contentions in another appeal and has had these issues decided adversely
to him.  See Uy, 347 S.W.3d at 893 (“Furthermore,
we cannot but acknowledge that the trial court did that which appellant
contends was denied him, i.e. considering the merits of the complaint before
holding him to be a vexatious litigant. 
To be held such a litigant, the trial court must find, among other things, that the plaintiff has no reasonable probability of
prevailing on the claim at issue. 
Undertaking that inquiry implicitly requires the trial court to
preliminarily accept the factual assertions as true and assess whether they
comprise a viable cause of action.  So,
appellant in fact received that which he said was denied him.”).





[6]           In his objection to the prison officials’ vexatious
litigant motion, Lagaite stated, “This continuous
relationship and unfair equal protection restriction in the courts makes
plaintiff’s efforts as if swimming upstream in the torrent and [turbulent]
rivers of biases and [pitfalls] the unlettered pro-se litigants face[] in the
open legal forum.”  To the extent that
this statement can be construed as a challenge to the constitutionality of the
vexatious litigant statute on equal protection grounds, we note that several of our sister courts have
held that Civil Practice and Remedies Code chapter 11 is constitutional and
does not violate equal protection rights. 
See, e.g., Clifton v. Walters, 308 S.W.3d 94, 101 (Tex. App.—Fort Worth 2010,
pet. denied) (“Clifton’s arguments that chapter 11 denies him equal protection
and access to court are unpersuasive.”);
Leonard v. Abbott, 171 S.W.3d 451, 458 (Tex. App.—Austin 2005, pet. denied)
(noting that “[a]ttorneys are subject to sanctions in
various forms, including monetary sanctions pursuant to rule 13” for filing
groundless pleadings and holding, “Chapter 11 does not unlawfully discriminate
against pro se litigants or violate
Leonard’s constitutional right to equal protection”); see also Retzlaff v. GoAmerica
Commc’ns Corp., 356 S.W.3d 689, 704 (Tex. App.—El
Paso 2011, no pet.) (“[W]hile [chapter 11] places an
additional hurdle before vexatious litigants, it does
not prevent them from pursuing meritorious litigation.”).  We agree with our sister courts and hold that
Civil Practice and Remedies Code chapter 11 does not violate the Equal
Protection Clause.