James T. Campbell, Justice *916 Appellant Reidie Jackson, a Texas prison inmate appearing pro se, brought suit under 42 U.S.C. § 1983 against appellees Captain Robert Vaughn a/k/a Vaughan, Lieutenant Nicky Emsoff, Peter Honesto, James Nall, and David Guzman. At all times relevant, appellees were employed by the Texas Department of Criminal Justice at the Montford Unit in Lubbock, Texas. Jackson challenges the trial court's judgment dismissing his suit with prejudice as to each appellee. We will affirm.[1]
Background
Honesto, Nall, and Guzman were members of a Montford Unit "use of force team" that in March 2011 forcibly removed Jackson from his cell when he would not vacate it. Officer Cindy Mayne[2] operated a camera recording the use-of-force event. Jackson alleged Vaughn, Emsoff, and team members violated his Eighth Amendment right to be free from cruel and unusual punishments. According to Jackson, the male team members struck him in the ribs and face and "kneed" him in the face, all while he was restrained, and Vaughn and Emsoff stood by and watched the events with deliberate indifference to Jackson's safety.
After Jackson filed suit, Vaughn and Emsoff brought a motion to dismiss under Civil Practice & Remedies Code Chapter 14 which the trial court granted. It signed a final judgment in January 2013 and Jackson appealed. Finding Jackson sufficiently alleged section 1983 excessive force and bystander claims, we reversed and remanded the case.[3] Back in the trial court Honesto, Nall, and Guzman filed answers and a motion to declare Jackson a vexatious litigant and for security. The trial court found Jackson to be a vexatious litigant and ordered he provide security in the amount of $500. When Jackson failed to post the required security, the court dismissed his claims against Honesto, Nall, and Guzman.
Vaughn and Emsoff then moved for summary judgment. The motion was granted and the trial court rendered a *917 final judgment disposing of all claims and all parties to the litigation.
Analysis
Vexatious Litigant claim of Nall, Honesto, and Guzman
By his first issue Jackson asserts the trial court abused its discretion by granting the motion Honesto, Nall, and Guzman filed to declare him a vexatious litigant under Civil Practice and Remedies Code Chapter 11.[4]
Jackson's briefing reveals a misunderstanding of the nature of our review of the trial court's order declaring him a vexatious litigant. In his brief, Jackson points to our 2014 holding that his pleadings sufficiently alleged a section 1983 excessive force claim and a bystander claim. See 2014 WL 6999333, at *5, 2014 Tex. App. LEXIS 13354, at *14. We held the trial court abused its discretion by dismissing his suit under Chapter 14 because, we found, his pleadings did not allege claims lacking a basis in law. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2) (West 2017). Jackson's present briefing argues the standard we applied in his previous appeal and the standard we apply to review of the trial court's vexatious-litigant determination under Chapter 11 are "essentially the same and to jump one hurdle is to jump the other." The argument is misguided. Our 2014 review considered only Jackson's pleadings. We took as true the allegations of his petition, and reviewed it only to determine whether, as a matter of law, it stated a cause of action authorizing relief. We sought to determine whether Jackson had plead an indisputably meritless legal theory. 2014 WL 6999333, at *3-4, 2014 Tex. App. LEXIS 13354, at *9. Our review did not consider at all whether any evidence supported the claims his pleadings asserted.
Our task this time around is different. A vexatious litigant determination requires the defendant to demonstrate there is not a reasonable probability the plaintiff will prevail in the litigation against the defendant and the plaintiff, in the preceding seven-year period, commenced, prosecuted, or maintained as a pro se litigant at least five litigations, other than in small claims court, that were finally determined adversely to the plaintiff. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 ; Leonard v. Abbott, 171 S.W.3d 451, 457 (Tex. App.-Austin 2005, pet. denied). It is the defendant's burden to prove both requirements of section 11.054. Amir-Sharif v. Quick Trip Corp., 416 S.W.3d 914, 919 (Tex. App.-Dallas 2013, no pet.) (noting also that a defendant who fails to offer any evidence showing why the plaintiff could not prevail on his suit has failed to meet its burden); Drake v. Andrews, 294 S.W.3d 370, 375 (Tex. App.-Dallas 2009, pet. denied).
We apply an abuse of discretion standard when reviewing a trial court's determinations under Chapter 11. Devoll v. State, 155 S.W.3d 498, 502 (Tex. App.-San Antonio 2004, no pet.). The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Unlike our 2014 opinion, review of the vexatious litigant finding requires our review of the evidence that was before the trial court.
Our Court said, in Lagaite v. Uy , 347 S.W.3d 890 (Tex. App.-Amarillo 2011, no pet.), that a trial court's undertaking to determine whether a plaintiff has no reasonable probability of prevailing "implicitly requires the trial court to preliminarily accept the factual assertions as true and *918 assess whether they comprise a viable cause of action." Id. at 893. Jackson points to that statement as further support for his contention we look only to the facts he has alleged in our review of the trial court's action. This argument too is misguided. Our statement in Lagaite was made in response to the appellant's claim his constitutional rights had been violated because the trial court "did not consider the merits of his complaint before or along with addressing whether he was a vexatious litigant." Id. at 892. Rejecting his constitutional arguments, we found the trial court implicitly had considered his complaint's merits because the statute required its doing so. Id. at 893. Our statement in that context to the effect the statute requires the trial court "to preliminarily accept"[5] the assertions of pleadings as true was not a holding that a plaintiff's pleadings must be taken conclusively as true in disregard of evidence received by the trial court. See § 11.053(b) (court may consider any evidence material to the ground of the motion, written or oral, by witnesses or by affidavit); § 11.055(a) (court shall order plaintiff to furnish security if court, after hearing the evidence on the motion, determines plaintiff is a vexatious litigant); Leonard, 171 S.W.3d at 459 (vexatious litigant finding permissible only after statutorily prescribed evidentiary findings).
That said, we turn to a consideration of the evidence supporting the trial court's finding there is not a reasonable probability that Jackson will prevail in his claims against Honesto, Nall and Guzman.
Section 1983 provides a cause of action against "every person who," under color of state law, "subjects, or causes to be subjected," another person to a deprivation of a federally protected right. 42 U.S.C. § 1983. Section 1983 does not create a substantive right but provides a remedy for the rights it designates. Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1573 (5th Cir. 1989). A plaintiff in a section 1983 case must first identify a specific constitutionally protected right that was infringed. Kesler v. King, 29 F.Supp.2d 356, 366 (S.D. Tex. 1998) (citing Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ).
Jackson alleges the use-of-force team applied excessive force violating the Eighth Amendment's cruel and unusual punishments clause. The Eighth Amendment proscribes "the imposition of pain totally without penalogical (sic) justification." Evans v. Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). Instances of "physical abuse directed at [a] prisoner after he terminates his resistance to authority would constitute an actionable eighth amendment violation." Hope v. Pelzer, 536 U.S. 730, 731, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Ort v. White, 813 F.2d 318, 324 (11th Cir. 1987) ).
When an inmate brings an excessive force section 1983 claim against a prison official individually, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "The focus of this standard is on the detention facility official's subjective intent to punish." Cowart v. Erwin, 837 F.3d 444, 452-53 (5th Cir. 2016). An Eighth Amendment excessive force claim against a prison official requires an inmate to demonstrate whether subjectively the defendant acted with a sufficiently culpable state of mind and objectively whether the force applied was harmful enough to amount to a constitutional *919 violation. Hudson, 503 U.S. at 8, 112 S.Ct. 995. In Hudson the Court pronounced five factors courts may apply in resolving the core question of whether force was applied maliciously or sadistically. Benoit v. Bordelon, 596 Fed.Appx. 264, 267-68 (5th Cir. 2015). The factors are "the extent of injury suffered, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Cowart, 837 F.3d at 453. The absence of serious injury is relevant to the inquiry but not controlling. Hudson, 503 U.S. at 7, 112 S.Ct. 995.
The Cruel and Unusual Punishments Clause "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " Hudson, 503 U.S. at 9-10, 112 S.Ct. 995 (quoting Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Thus in Hudson "the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, [were] not de minimis for Eighth Amendment purposes." 503 U.S. at 10, 112 S.Ct. 995.
In order to demonstrate, then, that Jackson did not have a reasonable probability of prevailing it was for Nall, Honesto and Guzman to present evidence sufficient to permit the trial court make that finding.
Jackson's live pleadings allege another officer, Jamie Villegas, put his knee on the side of Jackson's head and bounced, stuck his fingers in Jackson's eye and punched the side of Jackson's head with a closed fist, all while Jackson was lying prone on the floor of his cell, handcuffed behind his back. They allege use-of-force team members punched Jackson's head, face, mouth and ribs, causing him great pain. His pleadings further allege that after Jackson was raised from the floor and his cuffs removed to reposition his hands, a team member grabbed Jackson's left leg or ankle and twisted it, causing him great pain and ripping the sole off his shoe. Jackson's dental plate was broken and his face began swelling. He suffered chipped or cracked teeth and blurred vision.
The defendants submitted evidence with their vexatious-litigant motion, and Jackson responded with evidence. The Montford Unit's video and audio recording of the use-of-force event also is in the record provided us. Jackson's response to the defendant's motion relied heavily on the recording.
On careful review of the recording that documents the use-of-force event and review of the other evidence presented to the trial court, we find no abuse of discretion in the trial court's conclusion Jackson has no reasonable probability of prevailing on his claims. We do not agree with Jackson that the recording bears out his interpretation of the events recorded. There is additional evidence supporting the trial court's conclusion. The defendants' evidence included the Montford Unit nurse's report stating that Jackson, immediately after the use-of-force event, complained of a back injury but she noted no visible injury. More significantly, the medical evidence includes the record of Jackson's sick call examination conducted at the Clements Unit four days later. The medical doctor's report, a "post Montford follow up," states Jackson had "no complaints." Jackson's response told the trial court that he showed the doctor his loosened teeth and was advised to tell the dentist. He attached a copy of a sick call visit that lead *920 to a referral to the dental clinic. That record, however, is dated in August 2012, some seventeen months after the events at the Montford Unit. Jackson's medical evidence also includes a reference to his report of blurry vision; it also is dated in August 2012.
Jackson does not challenge the defendants' evidence of his initiation of the number of litigations required by § 11.054(1), or the outcomes of those cases. On the record we were provided, the trial court did not abuse its discretion by declaring Jackson a vexatious litigant. Because there is no dispute he failed to post the security ordered by the court, we find no error in its dismissal of his claims against Honesto, Nall, and Guzman. See TEX. CIV. PRAC. & REM. CODE ANN. § 11.056 (West 2017) ; Leonard, 171 S.W.3d at 456.
Summary Judgment for Vaughn and Emsoff
We next consider Jackson's appellate issue challenging the dismissal of his bystander claims against Vaughn and Emsoff. As noted, the trial court disposed of Jackson's claims against those defendants on their traditional motions for summary judgment.
We review de novo the trial court's ruling on a motion for summary judgment. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009). The movant for summary judgment filing a traditional motion must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. See TEX. R. CIV. P. 166a(c) ; Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215-16 (Tex. 2003). The court takes as true evidence favorable to the nonmovant, indulges every reasonable inference in favor of the nonmovant, and resolves any doubts in favor of the nonmovant. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005) ; Knott, 128 S.W.3d at 215. A defendant moving for summary-judgment on a traditional motion must conclusively negate at least one essential element of the plaintiff's cause of action. KCM Fin. LLC v. Bradshaw, 457 S.W.3d 70, 80 (Tex. 2015). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. Id. Only if the movant meets its summary judgment burden does the burden shift to the nonmovant to produce evidence demonstrating the existence of a genuine issue of material fact precluding summary judgment. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999).
As noted, Jackson complains Vaughn and Emsoff were deliberately indifferent to the conduct of the use-of-force team and therefore incurred Eighth Amendment excessive-force liability as bystanders. An officer present at the scene who fails to take reasonable measures to protect an inmate from another officer's use of excessive force may incur section 1983 liability. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). Establishing bystander liability requires a showing that an officer knows another officer is committing a constitutional violation, has a reasonable opportunity to prevent the harm, and chooses not to act. Kitchen v. Dallas County, 759 F.3d 468, 481 (5th Cir. 2014) (citing Sanchez v. City of Chicago, 700 F.3d 919, 926 (7th Cir. 2012) ). The asserted bystander liability of Vaughn and Emsoff thus requires in the first instance that the use-of-force team subjected Jackson to excessive force in violation of his Eighth Amendment rights. See Kitchen, 759 F.3d at 480. As a ground for summary judgment, Vaughn and Emsoff asserted the summary judgment record conclusively established the use-of-force team did not use excessive force on Jackson. We agree with their assertion.
*921 Jackson's contentions regarding the actions that are seen and heard on the recording are based largely on his own statements made during the events. His version of the events, then reflected in his affidavits, is replete with self-serving and conclusory statements.[6] The recording itself tells us a different story. It shows Jackson's refusal to leave his cell for his return to the Clements Unit, the repeated warnings that force would be used to remove him from the cell, the assembly of the riot-gear-equipped use-of-force team, the identification of each member by name, the effort by the prison nurse to persuade Jackson to cooperate, Jackson's placement of his mattress up against the door, the eventual entry by the team and their submission and shackling of Jackson, their lifting him onto a rolling gurney when he claimed his leg was broken, and their lifting him onto the bus when he refused to stand. Jackson's face and his shirtless upper body are clearly seen as he is transported by the gurney, as is his demeanor. See Cowart, 837 F.3d at 453 (citing Hudson ). Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). Our review of the summary judgment evidence, particularly the recording of the use-of-force event and records of Jackson's interactions with medical personnel in the days and weeks following his visit to the Montford Unit,[7] leads us to the opinion reasonable finders of fact could not differ from a conclusion that neither officer knew any member of the use-of-force team applied excessive force to Jackson.
Finding the trial court did not err in its grant of summary judgment to Vaughn and Emsoff, we overrule Jackson's second issue.[8]
Dismissal of Unserved Defendants
By his third issue, Jackson argues the trial court abused its discretion by refusing to have defendants Mayne, Alejandro Martinez, and Villegas served with process. In December 2015, Jackson filed his "fifth amended complaint" naming Martinez, Joel Ortega, and Villegas as additional defendants. Mayne was named a defendant in an earlier petition but we assume Jackson means he never obtained service. At any rate, the record does not indicate Jackson requested or obtained service on Martinez, Ortega, and Villegas. Vaughn and Emsoff specially excepted to Jackson's fifth amended complaint arguing Jackson's claims against the three additional defendants were barred by limitations and Jackson, having previously known the identities of the three additional defendants, filed his amended pleading in bad faith. The record contains no express ruling by the trial court on the special exception but in its final judgment the *922 court stated Jackson knew "the names of the remaining unserved defendants since 2012 and ... made little or no effort to effectuate service on those defendants."
In his brief argument of this issue, Jackson does not demonstrate how the trial court might have erred. Jackson does not cite authority compelling a trial court to require service of all defendants named in a lawsuit before rendering a final judgment. As to precisely what Jackson intends by his third issue we are left to guess. We therefore find the issue inadequately briefed, and waived. See TEX. R. APP. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record); In re Estate of Valdez, 406 S.W.3d 228, 235 (Tex. App.-San Antonio 2013, pet. denied) (stating failure to satisfy appellate rule 38.1(i) waives the issue on appeal). Jackson's third issue is overruled.
Conclusion
Having overruled each of Jackson's issues on appeal, we affirm the trial court's judgment.

Before Jackson filed his notice of appeal, the 108th District Court of Potter County declared him to be a vexatious litigant and enjoined him from filing any new litigation pro se without the prior permission of the local administrative judge. See Office of Court Administration of the Texas Judicial System's list of vexatious litigants subject to a prefiling orders under Chapter 11 of the Texas Civil Practice and Remedies Code , available at http://www.txcourts.gov/judicial-data/vexatious-litigants/ (last viewed on Mar. 28, 2018); see also Tex. Civ. Prac. & Rem. Code Ann. § 11.104(b) (West 2017) (requiring OCA to maintain and post list of vexatious litigants on agency's website). The vexatious litigant statute applies to appeals because it states that the clerk of a court "may not file a[n] ... appeal, ... presented, pro se, by a vexatious litigant subject to a prefiling order" unless the litigant first obtains permission. Id. § 11.103(a). The record contains no indication Jackson had the permission of the local administrative judge to file his present appeal. However, no party filed the notice specified by § 11.035(a) concerning Jackson's status as a vexatious litigant. For that reason, we will address the merits of Jackson's appeal.

Jackson named Mayne as a defendant in his lawsuit but she was apparently never served with process. He alleged she did not correctly record the use-of-force event.

See Jackson v. Vaughn, No. 07-13-00022-CV, 2014 WL 6999333, 2014 Tex. App. LEXIS 13354 (Tex. App.-Amarillo Dec. 11, 2014, no pet.) (mem. op.). That opinion contains a more complete description of Jackson's allegations of fact.

See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001 -.104 (West 2017).

Italics added.

A conclusory statement is no evidence. See, e.g., Dolcefino v. Randolph, 19 S.W.3d 906, 918 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (so noting).

The summary judgment record contains also the affidavit of Patricia Aristimuno, M.D., who became prison medical director in 2012. From her review of Jackson's medical records "from March 2011 to May 2011," she concluded Jackson "did not suffer any injury consistent with his allegations." Additionally, as we have noted Jackson's medical records do not record a contemporaneous complaint by Jackson of the injuries he now complains of.

Vaughn and Emsoff also asserted, as a ground for summary judgment, that they conclusively established their entitlement to the affirmative defense of qualified immunity. We need not consider that ground. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993) (when order granting summary judgment does not specify ground relied on, judgment will be affirmed on appeal if any theory advanced is meritorious).