

# Fourth Court of Appeals
## San Antonio, Texas

September 6, 2018

No. 04-18-00588-CV

John M. **DONOHUE**,
Appellant

v.

Denise **MARTINEZ** and Martha Donohue,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-22527
Honorable Peter Sakai, Judge Presiding

# O R D E R

This is an attempted pro se appeal of a final judgment and an interlocutory order granting a plea to the jurisdiction. Appellant is a vexatious litigant subject to a prefiling order.

On August 28, 2018, pursuant to Chapter 11 of the Texas Civil Practice and Remedies Code, this court entered an order stating: "[U]nless Appellant shows by no later than ten days from the date of this order that he has obtained an order from the appropriate administrative judge granting him permission to bring this appeal, this appeal will be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.103(a), 11.1035(b)."

On September 4, 2018, Appellant filed a "Response to Order Requiring Order from LAJ and/or Request for Extension of Time," arguing Chapter 11 does not apply to this appeal because an appeal is not "new" litigation. Appellant is incorrect. As this court noted in its August 28, 2018 order, Chapter 11 expressly states that it applies to appeals: "A clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate administrative judge described in Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West 2017) (emphasis added); *see also Jackson v. Vaughn*, 546 S.W.3d 913, 916 n.1 (Tex. App.—Amarillo 2018, no pet.) ("The vexatious litigant statute applies to appeals because it states that the clerk of a court 'may not file a[n] . . . appeal, . . . presented, pro se, by a vexatious litigant subject to a prefiling order' unless the litigant first obtains permission."). Therefore, Chapter 11's prefiling requirement applies to Appellant's

present appeal, and there is nothing before this court indicating Donohue has the permission of the local administrative judge to file this appeal.

Appellant alternatively requests an extension of "twenty working days" to obtain the local administrative judge's permission to file this appeal. We deny Appellant's request in part and instead grant Appellant an additional ten *calendar* days to obtain the local administrative judge's permission.

It is therefore ORDERED that unless Appellant shows by no later than ten days from the date of this order that he has obtained an order from the appropriate administrative judge granting him permission to bring this appeal, this appeal will be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.103(a), 11.1035(b).

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of September, 2018.

KEITH E. HOTTLE,
Clerk of Court