

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00355-CV

_____

JOYCE L. JONES, Appellant

V.

MANSFIELD INDEPENDENT SCHOOL DISTRICT, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-340650-23

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

This appeal arises from a workers' compensation claim filed by Appellant Joyce L. Jones, who sustained a compensable injury while working for Appellee Mansfield Independent School District (MISD). Jones, acting pro se, appeals from the trial court's order granting MISD's plea to the jurisdiction and dismissing her causes of action with prejudice. We affirm.

## I. BACKGROUND

On May 6, 2021, Jones, a teacher's assistant for MISD, suffered a work-related injury when she slipped and fell on school premises. She filed a workers' compensation claim with the Texas Department of Insurance, Division of Workers' Compensation (DWC), and MISD accepted a compensable injury extending to certain strains, including a cervical strain, a lumbar strain, and bilateral shoulder strains. But Jones contended that the compensable injury extended to other conditions.

Because the parties were unable to agree on the extent of Jones's compensable injury, a DWC administrative law judge held a contested hearing to resolve the dispute. The administrative law judge determined, among other things, that the compensable injury extended to prepatellar bursitis but not to any of the other disputed conditions. Jones appealed to the DWC's appeals panel, which affirmed the administrative law judge's decision.

In March 2023, Jones filed a petition for judicial review of the appeals panel's decision.[1] In January 2024, she filed her "Amended Claimant's Petition for Judicial Review of the Appeals Panel Decision on Issues of Compensability and Impairment Rating."[2] In her amended petition, Jones recited a list of grievances against MISD and requested the following—and only the following—relief: (1) "[s]poliated [e]vidence damages" in the amount of $250,000 plus interest and attorney's fees and (2) "[e]xemplary damages of $250,000 or four times the amount of the actual damages, whichever is greater" from the East Texas Educational Insurance Association (ETEIA).[3] In this pleading, Jones did not specify any particular causes of action, but she generally alleged that MISD had violated her rights and had failed to fulfill its responsibilities as her employer by, among other things, failing to make available certain surveillance footage of Jones's slip-and-fall accident. Significantly, her amended petition did not include any claims for relief pertaining to compensability or

---

[1]MISD asserts that it was never served with this petition. And Jones has not alleged otherwise.

[2]In September 2023, Jones filed a purported pleading simply labelled "Plaintiff's Petition" that included a litany of complaints against both MISD and the DWC. But this purported pleading did not actually request any relief.

[3]Although MISD asserts that the ETEIA was never served with process, Jones maintains that she served her amended petition on the ETEIA by certified mail. *See* Tex. R. Civ. P. 106(a)(2). But while the record includes a scanned copy of an envelope addressed to the ETEIA, it does not include a return of service containing the return receipt with the addressee's signature. *See* Tex. R. Civ. P. 107(c). Nor did the ETEIA ever file an answer or otherwise make an appearance in the case. Therefore, the trial court never recognized that the ETEIA had been made a party to the lawsuit, nor is the ETEIA a party to this appeal.

income benefits—the only issues that had been presented to the DWC administrative law judge.[4]

In February 2024, MISD filed a plea to the jurisdiction and, subject thereto, its original answer. In its plea to the jurisdiction, MISD argued that the trial court lacked jurisdiction because, among other things, Jones's amended petition sought relief solely based on issues that had not been addressed by the DWC. Jones filed a response to MISD's plea to the jurisdiction, and MISD filed a reply.

In July 2024, following a hearing, the trial court signed an order granting MISD's plea to the jurisdiction and dismissing Jones's claims with prejudice. This appeal followed.

## II. DISCUSSION

In her brief, Jones expresses her dissatisfaction with the trial court's dismissal of her case, but she wholly fails to address the jurisdictional issues raised in MISD's plea to the jurisdiction. Indeed, she fails to raise a single appellate issue.[5] MISD argues that Jones has forfeited any appellate issues by failing to raise or adequately brief them. We agree.

---

[4]In her amended petition, Jones vaguely complained that "[t]here is so much on the Decision and Order that's incorrect. The document is so biased that it is impossible to address all the issues." But she did not seek any relief based on these complaints.

[5]The "Issues Presented" section of Jones's brief does not actually raise any appellate issues. Rather, it merely contains factual allegations as well as a recitation of the axiom that a "judgment is not final unless it actually disposes of every pending claim and party." One of these factual allegations—that MISD "is a non[]subscriber"—could conceivably be generously construed as an argument that Jones was not required to exhaust her administrative remedies before seeking judicial

4

The "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal." *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see also* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Jackson v. Vaughn*, 546 S.W.3d 913, 922 (Tex. App.—Amarillo 2018, no pet.) (holding appellant had waived issue due to inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing). Here, Jones failed to cite any authority applicable to the jurisdictional issues raised in MISD's plea to the jurisdiction[6] or to include any

---

review of her claims, *see, e.g.*, *Tozi v. RJ & Sons LLC*, 614 S.W.3d 767, 770 (Tex. App.—San Antonio 2020, no pet.), but Jones asserts elsewhere in her brief that MISD "has been a self-insured employer" since 1984, and she stipulated before the DWC that MISD is a self-insured workers' compensation provider. Thus, even liberally construed, the "Issues Presented" section of Jones's brief does not contain any legitimate appellate issues. *See Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008) ("[W]e liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants."). Nor did Jones fairly raise any such issues elsewhere in her brief. *See Espinoza Valle v. Hertz Elec., LLC*, No. 03-20-00056-CV, 2021 WL 1991268, at *2 n.3 (Tex. App.—Austin May 19, 2021, no pet.) (mem. op.) (liberally construing appellants' brief and addressing "issue as stated and fairly raised" in the brief's argument section as opposed to limiting analysis to the narrowly framed issue as stated in the brief's "issues presented" section).

[6]Jones's statement that "[t]he district court ha[d] jurisdiction over this case because this is a workers['] compensation case where the evidence of a video of the accident was not provided" was the closest that she came to addressing the relevant jurisdictional issues. But the only authority that she cited for this proposition was Texas Labor Code Section 410.307. And this statute, which governs how a substantial change of condition affects the scope of the evidence that the parties may present

5

citations whatsoever to the record. Thus, any appellate complaints that she might have raised regarding the jurisdictional issues have been forfeited due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284; *McKinnon*, 2018 WL 3849399, at *2–3; *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))).

Even if Jones had adequately addressed the jurisdictional issues raised in MISD's plea to the jurisdiction, we would nevertheless affirm the trial court's decision to dismiss the case. In Jones's amended petition—which was her live pleading when MISD filed its plea to the jurisdiction, *see* Tex. R. Civ. P. 62, 64, 65—the only relief that she sought was damages based on MISD's (and the ETEIA's) alleged wrongful conduct in connection with the handling of her workers' compensation claim. Because Jones's amended petition exclusively sought relief based on allegations that her workers' compensation claim had been improperly investigated, handled, or settled and because Jones did not present these issues to the DWC before raising them in the trial court, the trial court did not err by granting MISD's plea to the jurisdiction. *See In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) ("When an agency has

---

regarding the extent of impairment, has no bearing on the trial court's jurisdiction over this case. *See* Tex. Lab. Code Ann. § 410.307.

6

exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction."); *In re Old Republic Ins. Co.*, No. 02-17-00269-CV, 2017 WL 4296386, at *2 (Tex. App.—Fort Worth Sept. 28, 2017, orig. proceeding) (per curiam) (mem. op.) ("A workers' compensation claimant must . . . exhaust all administrative remedies within the DWC before seeking judicial review." (citing *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 661 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding [mand. denied]))); *see also In re Old Republic Risk Mgmt.*, No. 12-19-00144-CV, 2019 WL 2462486, at *3 (Tex. App.—Tyler June 12, 2019, orig. proceeding) (mem. op.) (recognizing that the Texas Workers' Compensation Act "provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier improperly investigated, handled, or settled a claim for benefits" (citing *In re Crawford & Co.*, 458 S.W.3d 920, 923–24 (Tex. 2015) (orig. proceeding))).

### III. CONCLUSION

Having concluded (1) that Jones failed to raise any legitimate appellate issues, (2) that she forfeited any issues that she might have raised due to inadequate briefing, and (3) that the trial court did not err by granting MISD's plea to the jurisdiction, we affirm the trial court's order.

/s/ Wade Birdwell

Wade Birdwell
Justice

7

Delivered: May 15, 2025